Arnold SCHILDHAUS, Plaintiff-Appellant,

v.

Kenneth W. MOE, as District Director of Internal Revenue for the Upper Manhattan District, Defendant-Appellee.

No. 380, Docket 27998.

United States Court of Appeals Second Circuit.

Argued June 4, 1963.

Decided July 2, 1963.

Arnold Schildhaus, New York City, pro se.

John Paul Reiner, Asst. U. S. Atty., Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., Clarence M. Dunnaville, Jr., and Arnold N. Enker, Asst. U. S. Attys., on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, CLARK, Circuit Judge, and BARTELS, District Judge.

PER CURIAM.

Schildhaus brought this action in the Southern District of New York against the District Director of Internal Revenue for an injunction under Internal Revenue Code of 1954, § 6213(a) on the ground that the notice of tax deficiency—the so-called 90-day letter—described in Internal Revenue Code of 1954, § 6212, was not sent to the taxpayer's last known address, as provided in § 6212(b). The district court found that defendant had not sent the notice to the last known address and entered judgment for plaintiff, which granted the injunction prayed for upon the following condition:

> "[T]he aforesaid defendant is so restrained upon the condition that the plaintiff shall not plead or otherwise assert any defense based upon any statute of limitation in any subsequent proceedings involving the collection or a claim for refund for the taxes allegedly due from the plaintiff herein for the years 1954, 1955 and 1956."

From this condition of the judgment the plaintiff appeals.

The Director urges that we should review the district court's holding that he had not sent the deficiency notice to the taxpayer's last known address. Were the question open for review we would be inclined to conclude that the district court's finding lacked support in the record which, to us, seems to show that the Director did send the notices to the taxpayer's last known address. However, the Director filed no timely notice of cross-appeal. Under these circumstances we may not review these findings of the district court. Southern Bell Tel. & Tel. Co. v. Southern Precision Pattern Works, Inc., 251 F.2d 537, 542 (5 Cir., 1958); Abel v. Brayton Flying Service, 248 F.2d 713, 717 (5 Cir., 1957). In none of the cases cited by defendant [1] to seek review of the entire record did the court enlarge the rights of an appellee or lessen the rights of an appellant.

[1]. In re Barnett, 124 F.2d 1005 (2 Cir., 1941); United States v. City of New York, 180 F.2d 418 (2 Cir., 1951).

As to the proviso to the decree, we find no authority, either in the statute or in any case for imposing such a condition. Nor does the defendant press for affirmance on that ground.

The judgment is modified to eliminate the condition and as so modified it is affirmed.