**Arnold SCHILDHAUS, Plaintiff-Appellant,**

v.

**Kenneth W. MOE, as District Director of Internal Revenue, Defendant-Appellee.**

**No. 491, Docket 28634.**

United States Court of Appeals
Second Circuit.

Argued June 8, 1964.

Decided July 7, 1964.

Arnold Schildhaus, New York City, pro se.

Stephen Charnas, New York City, Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York (Clarence M. Dunnaville, Jr., Asst. U. S. Atty., of counsel), for defendant-appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

FRIENDLY, Circuit Judge.

In this action in the District Court for the Southern District of New York, now before us for the second time, see 319 F.2d 587 (2 Cir. 1963), a taxpayer, as authorized by § 6213(a) of the Internal Revenue Code of 1954, sought an injunction against the collection of an assessment for income taxes for 1954–56 on the ground that the 90-day notice of deficiency was not sent to his last known address as provided in § 6212(b). Judge Croake found the taxpayer entitled to an injunction but conditioned this on his not raising the statute of limitations in any subsequent proceedings concerning the tax. The taxpayer appealed from the insertion of the condition. The Govern-

ment did not attempt to support this but sought affirmance on the ground that the finding of failure to send the notice of deficiency to the taxpayer's last known address was clearly erroneous. Since no appeal by the District Director was before us, the Director having been satisfied with the judgment as it stood and not having reacted to the taxpayer's appeal with sufficient promptness,[1] we held that "Under these circumstances we may not review these findings of the district court." After adding the dictum that "Were the question open for review we would be inclined to conclude that the district court's finding lacked support in the record * * *," we concluded:

"The judgment is modified to eliminate the condition and as so modified it is affirmed."

Believing that the dictum might afford a springboard for rectifying his failure to take a timely appeal, the Director, on July 18, 1963, gave notice of a motion under F.R.Civ.Proc. 60(b) (5) to vacate the injunction on the ground that it was no longer equitable that the judgment should have prospective application. Reexamining the minutes, Judge Croake decided that his previous factual conclusion was wrong and vacated the injunction. From this the taxpayer appeals.

■■ The Director's motion misconceived the scope of the provision in F.R. Civ.Proc. 60(b) (5) authorizing relief when "it is no longer equitable that the judgment should have prospective application." The rule is not to be read without emphasis on the important words "no longer"; assuming that the propriety of the injunction as issued has passed beyond debate, it refers to some change in conditions that makes continued enforcement inequitable. "The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting." United States v. Swift & Co., 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). Here the facts of record as to the mailing of notice and the applicable rules of law were no different in the fall of 1963 than when the judge had made his initial determination a year earlier or when we affirmed it in July; the quoted clause in Rule 60(b) is "no invitation to relitigation of matter adjudged by the original judgment." 7 Moore, Federal Practice ¶ 60.26 [4], p. 288 (1955).[2]

■■■ The Director contends also that the order was within F.R.Civ.Proc. 60(b)

---

1. The 60 days for filing notices of appeal limited by F.R.Civ.Proc. 73(a) expired Saturday, January 12, 1963. Plaintiff's notice was filed Friday, January 11, but, because it bore a wrong docket number, was not docketed until January 14. The Director's notice was not filed until January 14 which was untimely under the Rule then in force, although if the amendment of July 1, 1963, to Rule 6(a), which takes account of the modern status of Saturday, had then been in effect, it would have been timely. The Director did not seek relief under the remarkably expansive reading given the "excusable neglect based on a failure of a party to learn of the entry of the judgment" clause of Rule 73(a), in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and, responsive to that decision, in Lieberman v. Gulf Oil Corp., 315 F.2d 403 (2 Cir.), cert. denied, 375 U.S. 823, 84 S.Ct. 62, 11 L.Ed.2d 56 (1963), see also Thompson v. I. N. S., 375 U.S. 384, 387,

84 S.Ct. 397, 11 L.Ed.2d 404 (1964); instead he had his appeal dismissed as untimely. The episode illustrates the desirability of the liberalization of the excusable neglect clause as to the time for taking an appeal in Rule 4(a) of the Proposed Federal Rules of Appellate Procedure and of the provision in the same proposed rule that if a timely notice of appeal is filed by a party, any other party may file within 7 days thereafter even though the time otherwise limited has expired.

2. The Government suggests that the "no longer" requirement is satisfied by the elimination of the condition unlawfully included in the original order. But this change was not the judge's reason for vacating the injunction. The factual conclusion which he now reversed had been found against the Director independent of the existence of the illegal condition, and the order based on that finding was affirmed by this court.

(1) permitting relief for "mistake." Whether relief may be sought under Rule 60(b) for what is merely an error by the court and, if so, for how long beyond the expiration of the ten-day limit set by Rule 59(e) for motions to "alter or amend a judgment" are not altogether clear. See 7 Moore, supra, ¶ 60.23 [3–4], pp. 236–39. We allowed this to be done in Tarkington v. United States Lines Co., 222 F.2d 358 (2 Cir. 1955), but on very special facts. Eleven days after the entry of a defendant's judgment in that case, correct under the law laid down by this Court, the Supreme Court rendered a decision which showed the judgment to be erroneous; the plaintiff moved under Rule 60(b) ten days thereafter, within the 30-day period allowed for appeal. Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, when the trial court is equally able to correct its decision in the light of new authority on application made within the time permitted for appeal, cf. McDowell v. Celebrezze, 310 F.2d 43 (5 Cir. 1962). But nothing in the Rule, the cases, or the treatises suggests that a motion for relief from judicial error more than eight months after the entry of judgment is made "within a reasonable time" as the Rule requires. "Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." Hartman v. Lauchli, 304 F.2d 431, 432 (8 Cir. 1962); Wagner v. United States, 316 F.2d 871 (2 Cir. 1963). Professor Moore says that a reasonable time for making a motion under Rule 60(b) on the basis of judicial error should not exceed that allowed for an appeal. Ibid. at 239. Cf. Sleek v. J. C. Penney Co., 292 F.2d 256 (3 Cir. 1961).

Since the motion thus presented no proper basis for action under F.R.Civ. Proc. 60(b), we find it unnecessary to consider appellant's further contention that our affirmance of the judgment precluded the District Court from taking action under that Rule without first obtaining leave from this Court. Compare Judge Clark's views as to the lack of need for such leave, expressed in Perlman v. 322 West 72nd Street Co., 127 F.2d 716, 719 (2 Cir. 1942) and in S. C. Johnson & Son v. Johnson, 175 F.2d 176, 183–184, (2 Cir.) (dissenting opinion), cert. denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949), with the contrary decisions in Butcher & Sherrerd v. Welsh, 206 F.2d 259, 262 (3 Cir. 1953), cert. denied, 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418 (1954); Tribble v. Bruin, 279 F.2d 424, 427 (4 Cir. 1960); Gender, Paeschke & Frey Co. v. Clark, 288 F.2d (7 Cir.), cert. denied, 368 U.S. 826 (1961); and Hartman v. Lauchli, supra, 304 F.2d, at 432–433. See also In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994 (1897); 7 Moore, Federal Practice, ¶ 60.30 [2], pp. 339–40; Wright, Federal Courts, 385 (1963).

Reversed.