Jo Anne **WEINER** and Neil **Weiner**

v.

**SHERBURNE CORPORATION, Richard Spademan d/b/a Spademan Release System and Phase IV, Inc.**

Civ. A. No. 6392.

United States District Court,
D. Vermont.

Dec. 7, 1972.

———◆———

Robert Manchester, Lisman & Lisman, Burlington, Vt., for plaintiffs.

Charles F. Ryan, Ryan, Smith & Carbine, Rutland, Vt., for defendant Sherburne Corporation.

Arthur E. Crowley, Jr., Bishop & Crowley, Rutland, Vt., for defendant Phase IV, Inc.

## OPINION AND ORDER

COFFRIN, District Judge.

On September 24, 1971, Jo Anne Weiner and her husband, Neil Weiner, filed a complaint against Sherburne Corporation alleging that plaintiff, Jo Anne Weiner sustained personal injuries when skiing at Killington, Vermont, on January 17, 1971. Plaintiffs allege that they rented certain ski equipment from Sherburne Corporation and that the safety bindings mounted on the rental skis failed to release when plaintiff Jo Anne Weiner fell while skiing causing her injuries.

Subsequently, plaintiffs moved to amend their complaint to include as additional defendants Richard Spademan d/b/a Spademan Release System and Phase IV, Inc. The motion was granted and plaintiffs filed their amended complaint May 10, 1972.

Phase IV, Inc., on June 7, 1972, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure moved to dismiss plaintiffs' cause of action against it alleging that section 513 of Title 12 of the Vermont Statutes Annotated controlled and plaintiffs were barred by its provisions. This section reads: "An action to recover for injuries sustained while participating in the sport of skiing shall be commenced within one year after the cause of action accrues, and not after." 12 V.S.A. § 513 (1958). Approximately one year and four months had passed from the time plaintiffs' cause of action accrued on January 17, 1971, to the filing of plaintiffs' amended complaint against Phase IV, Inc.

In opposing Phase IV's motion to dismiss, plaintiffs argued that section 513 should apply only as to the operators of ski areas and not to distributors and suppliers of ski equipment, such as Phase IV, Inc. Plaintiffs further contended that the amended complaint should "relate back" to the service of the original complaint on Sherburne Corporation in accordance with the provisions of Rule 15(c) of the Federal Rules of Civil Procedure. This court granted the defendant's motion and ordered that the action be dismissed as against Phase IV, Inc. *See* Weiner v. Sherburne Corp., 348 F.Supp. 797 (D. Vt.1972). The opinion and order was filed September 7, 1972. A motion to vacate the order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure

was then filed by plaintiffs on October 10, 1972, thirty-three days after the filing of the above order.

At a hearing on the motion to vacate, plaintiffs argued that they had set forth three alternative causes of action against defendants but the court's opinion of September 7, 1972, stated, "that the one year statute of limitations, 12 V.S.A. § 513 applies to *this* cause of action," (emphasis added). Plaintiffs maintained that the above quoted phrase in the opinion raised doubt as to whether it applied to all three causes of action and the resulting ambiguity was a "mistake" within the provisions of Rule 60(b)(1) as it could force plaintiffs to make an election of remedies.

In their motion to vacate, the plaintiffs for the first time contend that the four year statute of limitations for contracts for sale as provided by the Uniform Commercial Code, 9A, V.S.A. § 2-725 (1966) should control their cause of action for a breach of warranty as enumerated in sections 2-313 to 2-317 of this title rather than the one year statute of limitations of section 513 of Title 12. Differently stated, plaintiffs claim that the court erred in not specifically addressing itself to the cause of action for alleged breach of warranty and in support thereof cite a reason which they have not previously advanced as to why it should not be governed by the one year statute of limitations.

The court's reference in its opinion of September 7 to *"this* cause of action" was an inadvertence and the language should have read *"these* causes of action" as the opinion was intended to cover all, not just one, of the causes of action set forth in plaintiffs' amended complaint. Whatever doubts the plaintiffs might contrive from the wording of the opinion might well have been resolved by the clear and inclusive language of the order which read "[t]hat said motion is granted and the action is dismissed as to Phase IV, Inc." However, plaintiffs seek relief under Rule 60(b) and the principle issue for determination is whether their motion under that rule is the proper procedural vehicle for that relief.

Rule 60(b) is not to be a substitute for appeal, Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir. 1964), but the vexing problem remains as to what constitutes grounds for relief within Rule 60(b)(1). The circumstances presented in this case are not of a type which constitute a technical mistake or court inadvertence, but if there is any mistake, it is clearly of a substantive nature. *See* 7 J. Moore, Federal Practice, ¶ 60.22 [1]–[3], at 246–267 (2d ed. 1972). In essence, plaintiffs' contention is that the court overlooked a legal argument which, even though it was not previously urged by the plaintiffs, had it been considered would be grounds to deny defendant's Rule 12(b)(6) motion to dismiss and permit plaintiffs to maintain their action against defendant, Phase IV, Inc. Plaintiffs thereby request the court to review substantive law under plaintiffs' Rule 60(b) motion. In fact, some jurisdictions have reviewed their final judgments and orders and finding substantive error, have vacated their judgments under the provisions of Rule 60(b). The Second Circuit has likewise permitted this but only "on very special facts." *Schildhaus, supra,* at 531, *citing* Tarkington v. United States Lines Co., 222 F.2d 358 (2d Cir. 1955). Even in those jurisdictions which do grant broad relief, it is always noted in their opinions that the motion to vacate was made within the required time for appeal under the provisions of Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Meadows v. Cohen, 409 F.2d 750, 752 (5th Cir. 1969); McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); 7 J. Moore, Federal Practice, ¶ 60.22 [3], at 266–267 (2d ed. 1972); 1 A.L.R. Fed. 771, 781 (1969). In the instant case, the time for appeal under Rule 4(a) had run prior to filing of plaintiffs' motion to vacate.

■■ It is not contended by plaintiffs that some recently decided case in a higher court makes the order of September 7, 1972, substantially inequitable or in error, nor do they cite any applicable law which patently on its face would mandate a different order. Plaintiffs merely advance a new legal argument, which could have been presented at the earlier hearing on defendant's motion. The court does not believe this to be the kind of mistake or inadvertence Rule 60(b)(1) was meant to relieve. Swam v. United States, 327 F.2d 431, 433 (7th Cir. 1964). Nor do there exist special facts so as to require review. *Schildhaus, supra.* The court determines that the proper procedure which plaintiffs should have followed would have been to appeal to the Circuit Court of Appeals, Rule 60(b) not being a substitute or alternative procedure for appellate review.

■ The court need not get to the issue of timeliness of plaintiffs' motion to vacate as the above determination disposes of this matter. However, the court adds that all jurisdictions appear to be in harmony in holding that in order for a Rule 60(b) motion to vacate to be timely, it should not exceed the time for appeal, as it does in the instant case. *Schildhaus, supra,* 335 F.2d at 531.

Since the plaintiffs' motion to dismiss is resolved by the determination that Rule 60(b) is not available for the relief which they seek, the court is required to go no further than such determination. However, the court notes plaintiffs' argument that the statute of limitations which controls the breach of warranty cause of action under the provisions of the Vermont Uniform Commercial Code, should be four years as provided by section 2–725 of the Code and any prior inconsistent statutes of limitations, such as the one year provided by section 513 of Title 12 of the Vermont Statutes Annotated, are repealed. Plaintiffs direct the court's attention to the Comments at the end of section 2–725 of the Code and contend that the language of those Comments gives clear indication as to legislative intent and in accordance with the basic concept of uniformity, the court must find that prior statutes of limitations which are inconsistent with the Uniform Commercial Code sections are repealed. The Uniform Laws Comments pertaining to section 2–725 reads in part:

> This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice.

9A V.S.A. § 2–725 (1966).

■ The courts in those jurisdictions which have dealt with this issue have not been confronted with special interest statutes of limitations such as 12 V.S.A. § 513 which deals specifically with actions brought as a consequence of injuries sustained while skiing. The special interest nature of section 513 of Title 12 removes the type of actions which it covers from the operation of general statutes of limitations for injuries sustained in other circumstances. Arguably, section 513 might well have been enacted specifically for the purpose of promoting the ski industry of Vermont by shortening the period in which a person might bring suit for injuries sustained while skiing. Those courts which have found that section 2–725 repealed prior inconsistent statutes of limitations have reasoned, inter alia, that Uniform Commercial Code section 2–725 is a specific statute of limitations dealing with a special area or class, namely, sales contracts, and that the statutes repealed thereby are general statutes which dealt generally with the same class or type of actions. *See* Val Decker Packing Co. v. Corn Products Sales Co., 411 F.2d 850, 852 (6th Cir. 1969); Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612, 614 (1964); Layman v. Keller Ladders, Inc., 455 S.W.2d 594, 596 (Tenn. 1970); 2 Willier and Hart, U.C.C.Rep. & Dig. 2–411 (1960). This court doubts

that the shorter period of limitations provided by a special statute specifically enacted to cover a narrow and particular type of action should yield to a longer period of limitations provided by a special statute likewise specifically enacted and likewise covering a particular class of actions.

Unlike the above cited cases, the instant case has the unusual circumstance of inconsistent statutes in their own classification and both being specific. We think that in this area, it is the task of the legislature not the courts to repeal or otherwise resolve any inconsistency between the two.

Plaintiffs' motion to vacate is hereby denied.