Lee S. **RUMSEY**, Douglas DiGerlando, Michael Rhodes and Thomas Graves, individually and as representatives of a class of persons similarly situated, Plaintiffs,

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES** and Thomas Coughlin III, as Commissioner of the New York State Department of Correctional Services, Defendants.

No. 82–CV–979.

United States District Court, N.D. New York.

Jan. 3, 1984.

Rowley, Forrest & O'Donnell, P.C., Albany, N.Y., for plaintiffs; Thomas J. Forrest, Mark T. Walsh, Jr., Albany, N.Y., of counsel.

Robert Abrams, Atty. Gen. of N.Y., Albany, N.Y., for defendants; Susan S. Boo-chever, Asst. Atty. Gen., Albany, N.Y., of counsel.

## MEMORANDUM–DECISION and ORDER

MINER, District Judge.

### I

This class action is brought on behalf of all employees of the New York State Department of Correctional Services (hereinafter "Department") who are also members of the New York State National Guard or other reserve units of the United States Armed Forces. Plaintiffs claim their rights under the provisions of 38 U.S.C. §§ 2021(b)(3) and 2024(d) have been infringed upon by a policy of defendants, embodied in Directive # 2212, which allows the Department to revise plaintiffs' work schedules so that days off are made to coincide with plaintiffs' attendance at reserve military drills. Plaintiffs also assert claims pursuant to § 242 of the New York State Military Law and the equal protection clause of the fourteenth amendment to the United States Constitution. On June 28, 1983, this Court signed a Memorandum-Decision & Order denying a motion for summary judgment by plaintiffs, and granting defendants' cross-motion for summary judgment. 569 F.Supp. 358. Familiarity with that decision is presumed.

Plaintiffs appealed this Court's June 28, 1983 determination to the United States Court of Appeals for the Second Circuit. Plaintiffs have since moved before the court of appeals for a remand of the proceedings to this Court in order to enable plaintiffs to move for relief from the June 28 determination pursuant to Fed.R.Civ.P. 60(b). On September 13, 1983, plaintiffs' motion was denied "without prejudice to [plaintiffs] filing within five (5) days a FRCP 60(b) motion with the Hon. Roger J. Miner, D.J. for his consideration.... It should be understood that the decision on this motion is no indication of the merits of the Rule 60(b) motion." Sept. 13, 1983 Order, exhibit to affidavit of Thomas J. Forrest, sworn to Sept. 20, 1983. Accord-

ingly, on the same day the court of appeals signed its order, plaintiffs filed a notice of motion with this Court requesting relief from the June 28, 1983 determination.

## II

■ As a preliminary matter, defendants oppose the motion on the ground that this Court lacks subject matter jurisdiction to hear it pending the appeal now before the circuit court of appeals. However, in light of the Second Circuit's September 13, 1983 Order, there clearly is no jurisdictional bar to this Court entertaining the instant motion.

■ Alternatively, defendants argue that Rule 60(b) cannot provide the basis for relief from the judgment of a court if the only ground asserted in support of the motion is a substantive error by the court. This Court rejects defendants' reasoning in this regard as a basis for a denial of the instant motion.

Defendants acknowledge that, at least when "very special facts" exist, Rule 60(b) provides a basis for relief from an error of the Court. *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964). Defendants further contend that the *Schildhaus* court did not intend to "expand the application of Rule 60(b) in cases involving judicial mistakes." Defendants' Memorandum of Law, p. 6. However, this Court finds instructive the significance attached by the court in *Schildhaus* to the movant's filing of his 60(b) motion within the thirty days allowed for the taking of an appeal. Under these circumstances or, as in the case at bar, where the appellate court expressly permits the filing of the Rule 60(b) motion, the motion does not serve as a substitute for appeal, a result which would subvert the interest in finality of judgments as reflected in the thirty day period in which an appeal may be taken. *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694–95 (5th Cir.1983); *see also Steinhoff v. Harris*, 698 F.2d 270, 275–76 (6th Cir.1983); *cf. Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir.1979) (Rule 60(b) motion could not be used in district court to overturn determination by

court of appeals). On balance, this Court concludes that judicial error may be corrected pursuant to a Rule 60(b)(1) motion, *see Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96 (4th Cir.1979), provided the movant is not thereby permitted to avoid the time constraints required for taking a timely appeal. "Under such circumstances there is indeed good sense in permitting the [district] court to correct its own error …; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further … proceedings, when the [district] court is equally able to correct its decisions …." *Schildhaus v. Moe*, 335 F.2d at 531 (2d Cir.1964). Having concluded that plaintiffs' Rule 60(b) motion properly is before this Court, consideration of plaintiffs' particular arguments in support of the request for relief follows.

## III

■ Plaintiffs contend that this Court's previous reliance on § 15.3 of the Collective Bargaining Agreement (hereinafter "Agreement") was misplaced. Essentially, plaintiffs concede that § 15.3 does allow the Department to change an employee's *shift* schedule. However, plaintiffs maintain that shift schedules refer only to "the hours per day an employee is schedule [sic] to work, i.e., 7:00 a.m. to 3:00 p.m., 3:00 p.m. to 11:00 p.m., etc." Affidavit of Hollis V. Chase, sworn to July 15, 1983, para. 8. (hereinafter "Chase" affidavit). Plaintiffs conclude, therefore, that § 15.3 provides no authority for defendants to reschedule *pass days* in accordance with Directive # 2212.

Defendants rely principally on Article 15's prohibition against changing pass days to avoid the payment of overtime. It is defendants' contention that

[the] purpose and intent of Directive # 2212 is not to avoid the payment of overtime but rather to reduce abuses of military leave, to increase the number of man days worked per year per employee in the Department to maintain services and to insure a basic 40-hour work week

from each employee which is what the Department is entitled to.

Affidavit of John J. Cassidy, sworn to August 5, 1983, para. 8.

Although defendants have alleged that Directive # 2212 does not contravene the Agreement's prohibition on rescheduling pass days to avoid the payment of overtime, they have not answered adequately plaintiffs' contention that, pursuant to § 15.3,

> there are no circumstances under which pass days can be required to be changed nor are there any circumstances under which an employee can be required to work on his or her *pass days* unless the employer follows the overtime procedures and provisions of the collective bargaining agreement. (Article 15.1 (a–c, i)).

Chase affidavit, para. 8.

On the basis of the affidavits presented with respect to the instant motion, *see, e.g.,* Affidavit of John W. Burke, sworn to Sept. 15, 1982, this Court agrees with plaintiffs that a triable issue has been presented concerning the propriety of Directive # 2212 when measured against the provisions of the Agreement.

Plaintiffs also take issue with this Court's reference to the Civil Service Attendance..Rules relied upon by defendants in support of their earlier motion for summary judgment. It is plaintiffs' contention that these rules are merely "a special set of unofficial and unfiled guidelines." Chase affidavit, para. 15. Moreover, plaintiffs contend that a proper reading of the rules reveals they are not in conflict with plaintiffs' basic premise that pass days may not be shifted pursuant to Directive # 2212.

Plaintiffs maintain that the guidelines provide for changes in pass days and shift assignments on the basis of seniority only. Accordingly, to the extent that the rules allow the employer to change pass days in order to "insure the maintenance of services," plaintiffs contend this provision must be read in conjunction with the rules' requirement that any such change be done in accordance with relevant seniority and overtime guarantees.

Apart from the assertion that "[t]he Department is simply interpreting and implementing statewide policy on attendance rules and by doing so is in no way infringing on plaintiffs' contractual rights under the bargaining agreement," defendants have not adequately refuted plaintiffs' interpretation of the effect of the Attendance Rules. In this regard, the Court is constrained to conclude that further inquiry is necessary to determine the interplay between these Attendance Rules and plaintiffs' rights under the collective bargaining agreement.

Finally, plaintiffs assert that, although they have not refuted defendants' claim that pass days routinely are rescheduled for employees not subject to military reserve obligations, the circumstances surrounding these changes in other employees' pass days are entirely different. Specifically, plaintiffs maintain that "the Department has, *with the employee's consent,* on occasion, rescheduled an employee's pass days so that they do *not* coincide with days for which the employee is scheduled for jury duty, etc." Chase Affidavit, para. 19. (emphasis supplied in part). This Court finds particularly persuasive defendants' failure to rebut this statement. Defendants allege only that the consent which the Department has obtained from other employees was unnecessary. Defendants have indicated no circumstance, other than with respect to reservists who are employed by the Department, in which pass days have been rescheduled without such employee's consent. In fact, defendants' answer to plaintiffs' interrogatory # 4 provides that "[p]rior to [Directive # 2212] pass days have been rescheduled *to accommodate* employees who had union business, in-service training, or jury duty *scheduled on an employee's regular day off.*" (emphasis supplied).

## IV

In light of these circumstances, the Court concludes that plaintiffs have demon-

strated the existence of triable issues which the Court previously may have overlooked. For this reason, plaintiffs' motion pursuant to Fed.R.Civ.P. 60(b) for relief from this Court's June 28, 1983 Memorandum-Decision & Order which denied plaintiffs' motion for summary judgment, and granted defendants' cross-motion for summary judgment is granted, and the June 28, 1983 determination is vacated to the extent defendants' cross-motion for summary judgment previously was granted.

It is so Ordered.