William **FRESCHI**, Jr., As Trustee of the William Freschi Trust, Plaintiff,

v.

**GRAND COAL VENTURE, et al., Defendants.**

No. 81 Civ. 4331 (RWS).

United States District Court,
S.D. New York.

Dec. 6, 1984.

See also, D.C., 583 F.Supp. 780.

Bowker, Elmes, Perkins, Mecsas & Gerrard, Boston, Mass., and Surrey & Morse, New York City, for plaintiff.

Schwarzfeld, Ganfer, Shore & Rosenblum, New York City, for defendants.

## OPINION

SWEET, District Judge.

This motion is brought by the defendants in this action, other than William C. Sherr ("defendants") pursuant to Fed.R.Civ.P. 60(b), seeking an amendment of the judgment entered in this case on August 14, 1984. The motion is denied.

### Procedural History

Following a jury trial terminating on the eve of the Memorial Day weekend, William Freschi, Jr., as Trustee of William Freschi Trust ("Freschi") was awarded $1,366,-396.07 in addition to expenses and interest in this fraud action. In an order of June 28, 1984 this court granted defendants' motion to set aside the judgment and to grant a new trial, and in an opinion dated July 10, 1984 this court offered Freschi a remittitur of $266,500 plus prejudgment interest. 588 F.Supp. 1257. Freschi accepted the remittitur, and on August 14, 1984, a judgment was entered. An appeal on numerous issues was docketed with the Second Circuit on September 14, 1984. On September 19, 1984 the Second Circuit issued an opinion in *Salcer v. Envicon Equities*, 744 F.2d 935, and on October 5, 1984 the defendants brought a notice of motion pursuant to Fed.R.Civ.P. 60(b). This motion was argued on October 19, 1984.

### Law

According to the defendants, the opinion in *Salcer, supra,* necessitates correction of this court's calculation of the remittitur

and the recalculated remittitur should be offered to Freschi before the appeal of the first judgment. In light of *Salcer,* they maintain, the prior remittitur and judgment constitute mistake requiring correction pursuant to Fed.R.Civ.P. 60(b)(1).

A motion under Rule 60(b) "is addressed to the sound discretion of the trial court," *Matter of Emergency Beacon Corp.,* 666 F.2d 754, 760 (2d Cir.1981), *Altman v. Connolly,* 456 F.2d 1114 (2d Cir.1972), and a "district court is given a broad discretion to deny or grant relief in light of the particular circumstances of the case." 7 *Moore's Federal Practice* ¶ 60.18[8] (1983 Cum.Ed.) Although rule 60(b) is to be construed liberally, it was "not intended as a substitute for a direct appeal from an erroneous judgment." *Schildhaus v. Hoe,* 335 F.2d 529, 531 (2d Cir.1964); *Silk v. Sandaual,* 435 F.2d 1266 (1st Cir.1971); *Weiner v. Sherburne Corporation,* 57 F.R.D. 636 (D.Vt. 1972).

The defendants rely exclusively upon *Tarkington v. United States Lines Co.,* 222 F.2d 358 (2d Cir.1955) to support their view that *Salcer* justifies granting a Rule 60(b) motion. The Second Circuit, however, has limited *Tarkington* to its facts and characterized it as an exception. In *Schildhaus* the Court observed:

We allowed [a 60(b) motion] in *Tarkington v. U.S. Lines,* but on very special facts, eleven days after the entry of a defendant's judgment in that case, correct under the law laid down by this Court, the Supreme Court rendered a decision which showed the judgment to be erroneous; the plaintiff moved under Rule 60(b) ten days thereafter, within the 30-day period allowed for appeal. Under such circumstances there is indeed good sense in permitting the trial court to correct its own error and, if it refuses, in allowing a timely appeal from the refusal; no good purpose is served by requiring the parties to appeal to a higher court, often requiring remand for further trial proceedings, *when the trial court is equally able to correct its decision in the light of new authority on applica-*

*tion made within the time permitted for appeal.*

. . . . .

Professor Moore ·says that a reasonable time for making a motion under Rule 60(b) on the basis of judicial error should not exceed that allowed for an appeal. (emphasis added)

*Schildhaus, supra,* at 531.

In *In Re Texlon Corp.,* 596 F.2d 1092 (2d Cir.1979), the Court again referred to *Tarkington* as constituting "very special facts" and held that the "reasonable time" limitation of Rule 60(b) ·should be read to constitute a requirement that the motion be brought within the time permitted to appeal the judgment. *Texlon, supra,* at 1100. *See also* 7 *Moore's Federal Practice* ¶ 60.22[4] ("A reasonable time for relief from an error of law by the court should not exceed the time allowed for an appeal.") *See* 11 Wright & Miller, *Federal Practice & Procedure* § 2858 (easiest cases to deny Rule 60(b) motions involve allegations of fundamental misconception of the law by the district court where the motion was not made until after the time for appeal had run.)

In this case, the judgment was entered on August 14, 1985, and the time to appeal expired thirty days thereafter. The notice of Rule 60(b) motion was filed October 5, 1984 beyond the period in which 60(b) motions may be brought in this Circuit.

Further, the rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal. *See Schildhaus, supra, Fackelman v. Bell,* 564 F.2d 734 (5th Cir.1977). In the present case, there are several issues being appealed, and the effect of granting the motion and reducing the amount of the proposed remittitur might be only to delay the final adjudication of this case. If the amount of the remittitur were reduced and the plaintiff refused to accept the proposed amount, a new trial would be held without any clarification of the other issues being appealed. The possibility would then exist of a subsequent appeal and remand and yet a third trial. If, on the other hand, the plaintiff accepted the reduced remittitur, an appeal would still follow. It does not appear clear that granting the Rule 60(b) motion will serve the purposes of judicial efficiency underlying the Rule.

**Conclusion**

For the reasons stated above and in the exercise of my discretion, I deny the Rule 60(b) motion.

IT IS SO ORDERED.