**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TIMOTHY DOYLE YOUNG,

    Petitioner - Appellant,

v.

WARDEN, USP-MAX-ADX,

    Respondent - Appellee.

_____

TIMOTHY DOYLE YOUNG,

    Petitioner - Appellant,

v.

BABCOCK, Judge; WARDEN, USP-MAX-ADX,

    Respondents - Appellees.

No. 18-1466
(D.C. No. 1:18-CV-02959-LTB)
(D. Colo.)

No. 18-1485
(D.C. No. 1:18-CV-03105-CMA)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

[*]    Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Before **BRISCOE**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

_____

In these cases, the district court ordered dismissal based on a failure to comply with filing restrictions. We affirm.

## I.     Background

Mr. Timothy Young is a pro se litigant who incurred filing restrictions in the District Court for the District of Colorado. *See Young v. United States*, No. 14-cv-00073-LTB (D. Colo. June 13, 2014) (ECF No. 24).[1] Without complying with these restrictions, Mr. Young brought two cases in district court. In these cases, he alleged that the district court, our court, and the Tenth Circuit Judicial Council are blocking his access to the courts, violating the Constitution, and committing wire and mail fraud. *See* Appeal No. 18-1466, R. at 3–5; Appeal No. 18-1485, R. at 3–5. In both cases, the district court ordered that the actions be stricken for failure to comply with the filing restrictions. And in one of the actions (the one underlying Appeal No. 18-1466), the court sanctioned Mr. Young $400.

---

[1]     As of 2014, Mr. Young had apparently brought 184 cases in district court and 98 appeals. *See Young v. United States*, No. 14-cv-00073-LTB, slip op. at 4–5 (D. Colo. Apr. 22, 2014) (ECF No. 20) (directing Mr. Young to show cause why filing restrictions should not be imposed given his initiation of 184 cases and 98 appeals).

2

Mr. Young has appealed the orders striking both cases,[2] arguing that the district court had committed crimes, falsified orders and facts, and refused to send necessary forms. He also moved for leave to proceed without prepaying the filing fees in the two appeals. We affirm the orders striking both actions and deny the motions to avoid prepayment of the filing fees.

## II.    Striking the Two Cases

In reviewing the underlying orders, we apply the abuse-of-discretion standard. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (reviewing a sanction of dismissal for an abuse of discretion). We affirm under this standard. The restrictions warned Mr. Young that continued noncompliance would result in a $400 sanction and an order striking all non-compliant filings. *See Young v. United States*, No. 14-cv-00073-LTB, slip op. at 5-6 (D. Colo. June 13, 2014) (ECF No. 24). Given the warning, the district court could reasonably enforce the filing restrictions. We thus affirm the dismissals.

The filing restrictions required Mr. Young to

- file a motion seeking leave to file a pro se action,

- attach a copy of the order with the filing restrictions,

---

[2]    In Appeal No. 18-1466, the court clerk directed Mr. Young to show cause why the appeal should not be dismissed for lack of jurisdiction. We conclude that we have jurisdiction in Appeal No. 18-1466.

3

- attach a complaint or habeas form and pay the filing fee or move for leave to proceed in forma pauperis [IFP] (with the required inmate account statement),

- attach a list of his prisoner complaints and habeas actions that are pending or that he had previously filed in federal court, and

- attach an affidavit stating that the claims are not frivolous, aren't asserted in bad faith or for an improper purpose, and have not been presented in another federal court.

Mr. Young didn't comply with these restrictions, so the district court dismissed both cases.[3]

Mr. Young does not give any excuse for failing to comply with the filing restrictions. He instead argues that they had been unjustified. The court had imposed these restrictions in 2014 (*Young v. United States*,

---

[3] In these appeals, Mr. Young asserts that Magistrate Judge Boland refused to furnish the required forms. Mr. Young previously lodged similar allegations against the Bureau of Prisons, claiming that it refused to send him the forms for prisoner complaints and a certified copy of his account statement. Given these allegations, Magistrate Judge Boland directed the warden to respond. Mr. Young then voluntarily dismissed the complaint.

Though the case had been dismissed, two Bureau of Prisons' employees stated under oath that (1) a legal assistant had delivered the complaint form, the filing instructions, an IFP form, and a certified copy of Mr. Young's account statement and (2) Mr. Young had not requested a copy of his account statements. Mr. Young had fourteen days to reply, but he didn't. Despite this history, Mr. Young accuses Magistrate Judge Boland of refusing to furnish the required forms. Mr. Young has not provided any support for this accusation.

No. 14-cv-00073-LTB (D. Colo. June 13, 2014) (ECF No. 24)). This order is not among the rulings that Mr. Young has appealed.

To challenge the filing restrictions, he needed to appeal the 2014 order. *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (per curiam) ("[I]f petitioner disagrees with the district court's filing restrictions, his avenue for review is an appeal from the order establishing the restrictions."). But he didn't appeal the 2014 order.

Nor do the present appeals encompass the 2014 order. Nonetheless, Mr. Young is arguing that the district court shouldn't have enforced the filing restrictions because they shouldn't have been entered in the first place. This argument constitutes a collateral challenge to the filing restrictions, which is improper. *See Stine v. Fed. Bureau of Prisons*, 506 F. App'x 846, 848 (10th Cir. 2013) (unpublished) ("[T]o the extent Plaintiff is challenging the terms or scope of the filing restrictions, he cannot collaterally attack those restrictions in this proceeding."); *accord Schildhaus v. Moe*, 335 F.2d 529, 530 (2d Cir. 1964) ("The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making." (internal quotation marks omitted)). We thus affirm the orders striking the two actions for noncompliance with the filing restrictions.

## III.  Relief from Prepayment of the Filing Fees

We also deny the motions to proceed on appeal without prepayment of the filing fees. To proceed without prepayment, Mr. Young "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Although Mr. Young is indigent, his challenge to the reasoning is frivolous. We thus deny his motions to be relieved of prepayment of the filing fees.

## IV.  Disposition

We affirm the orders striking the two cases and deny Mr. Young's motions to proceed without prepayment of the filing fees.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6