[Cite as *Armstrong v. U.S. Bank Natl. Assn.*, 2023-Ohio-1203.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KENNETH ARMSTRONG, | : | APPEAL NO. C-220384 |
| | | TRIAL NO.  A-1904882 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | : | |
| AS TRUSTEE FOR THE STRUCTURED | | |
| ASSET SECURITIES CORPORATION | : | |
| MORTGAGE LOAN TRUST 2006-BC1, | | |
| | : | |
| and | | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION, | | |
| AS TRUSTEE FOR THE STRUCTURED | : | |
| ASSET INVESTMENT LOAN TRUST, | | |
| 2006-3, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 12, 2023

*Hilton Parker LLC* and *Jonathan L. Hilton* for Plaintiff-Appellee,

*Stites & Harbison PLLC* and *Andrew J. Poltorak* for Defendants-Appellants.

CROUSE, **Presiding Judge.**

{¶1} U.S. Bank, N.A., as trustee for the Structured Asset Securities Corporation Mortgage Loan Trust 2006-BC1 and the Structured Asset Investment Loan Trust, 2006-3 (collectively, "U.S. Bank"), appeals from the decision of the trial court denying its motion to set aside a default judgment entered in favor of plaintiff-appellee Kenneth Armstrong, a Florida homeowner. Armstrong brought a declaratory-judgment action against U.S. Bank, seeking to have the promissory note (the "note") underlying his home mortgage declared unenforceable. Because U.S. Bank was validly served and did not appear before the trial court, the court granted a default judgment to Armstrong and found the note to be unenforceable. More than a year later, after Armstrong brought a quiet-title action in Florida to extinguish the mortgage, U.S. Bank sought relief from the judgment under Civ.R. 60(B). The trial court denied U.S. Bank's motion. We affirm the judgment of the trial court.

### I. Factual and Procedural History

{¶2} In March 2006, Armstrong obtained a loan from BNC Mortgage, Inc., ("BNC") for $140,000. In exchange, Armstrong executed a promissory note and granted BNC a mortgage on his home in Sarasota, Florida. Following some trading on the secondary mortgage market, the note came to be held, in trust, by U.S. Bank. In 2007, 2010, and 2014, U.S. Bank initiated foreclosure proceedings in Florida state court against Armstrong for failure to pay. U.S. Bank voluntarily dismissed the 2007 and 2010 actions.

{¶3} In 2013, during the pendency of the 2010 foreclosure action, Armstrong executed a loan-modification agreement with U.S. Bank in settlement of the default. The 2013 loan-modification agreement reaffirmed Armstrong's obligations under the

note.

{¶4}   The 2014 action proceeded to a bench trial in 2019. Armstrong prevailed because the court found that U.S. Bank failed to prove that the correct entity had brought suit against Armstrong.

{¶5}   Following the 2019 judgment in Armstrong's favor, which resolved the 2014 foreclosure action, Armstrong filed a declaratory-judgment action in the Hamilton County Court of Common Pleas seeking a declaration that the note was no longer enforceable. Armstrong filed in Hamilton County because, he alleges, the note was payable to U.S. Bank at its Cincinnati address. Armstrong's argument centered around U.S. Bank's acceleration of the note in the 2010 foreclosure action and the subsequent running of Ohio's statute of limitations on collection of a debt.

{¶6}   U.S. Bank did not answer Armstrong's complaint. Eventually, Armstrong filed a motion for a default judgment, which the court granted in August 2020. In November 2021, Armstrong filed an action for quiet title in the United States District Court for the Middle District of Florida, in the case numbered 8:21-cv-02648. In that action, Armstrong presented his Hamilton County judgment declaring the note to be unenforceable and sought to extinguish the mortgage securing the note.

{¶7}   After U.S. Bank received notice of the Florida quiet-title action, it filed a motion in the Hamilton County declaratory-judgment case seeking to set aside the judgment under Civ.R. 60(B). Following briefing and a hearing, the court denied U.S. Bank's motion. This appeal timely followed.

## II. First Assignment of Error

{¶8}   In its first assignment of error, U.S. Bank argues that the trial court erred in determining that it was not entitled to relief under Civ.R. 60(B). U.S. Bank

presents three issues under this assignment of error: First, the trial court erred by not addressing the existence of a meritorious defense; second, the trial court erred in its application of Civ.R. 60(B)(4) to find that there was not a change in circumstances that made the default judgment inequitable; and third, the trial court erred in finding that there was not a fraud upon the court, under Civ.R. 60(B)(5).

**{¶9}** This court reviews a denial of a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *See Engelhart v. Bluett*, 1st Dist. Hamilton No. C-160189, 2016-Ohio-7237, ¶ 16, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988) ("The decision whether to grant relief from judgment lies within the trial court's discretion.").

**{¶10}** To be entitled to relief under Civ.R. 60(B), the movant must show: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶11}** Because U.S. Bank did not file its motion until more than a year after the court's entry of the default judgment, it cannot claim relief under Civ.R. 60(B)(1), (2), or (3) and is limited to the grounds specified in Civ.R. 60(B)(4) or (5). *See Kell v. Verderber*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, ¶ 43 (holding that there is no "discovery rule" that permits a later-filed motion for relief based on delayed discovery of a basis for relief).

**{¶12}** A motion for relief under Civ.R. 60(B)(4) or (5) must still be made

within a "reasonable time." The trial court found that the motion was filed within a reasonable time, and that finding is not in dispute.

### A. *Meritorious Defense*

{¶13} The trial court did not address whether U.S. Bank had proffered a meritorious defense. Rather, the trial court found that neither Civ.R. 60(B)(4) nor (5) applied to the facts of this case. U.S. Bank complains that the trial court's failure to address the meritorious-defense prong is reversible error.

{¶14} Even if U.S. Bank had a meritorious defense, the trial court need not discuss it if either of the other requirements for relief under Civ.R. 60(B) cannot be satisfied. The requirements for relief "are independent and in the conjunctive, not the disjunctive." *GTE*, 47 Ohio St.2d at 151, 351 N.E.2d 113. "[T]he movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ. 60(B)(1) through (5)." *Id.* It was not error to focus on U.S. Bank's failure to satisfy any of the requirements of Civ.R. 60(B)(1) through (5) without addressing the merits of U.S. Bank's defense.

{¶15} Because we hold that U.S. Bank has not shown entitlement to relief under Civ.R. 60(B)(4) or (5), we likewise decline to address the merits of U.S. Bank's proffered defense.

### B. *Civ.R. 60(B)(4): No Longer Equitable*

{¶16} U.S. Bank argues that the trial court erred by finding that it had not satisfied the requirement of Civ.R. 60(B)(4) that "it is no longer equitable that the judgment should have prospective application."

{¶17} "The '* * * it is no longer equitable * * *' clause of Civ. R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to

circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 493 N.E.2d 1353 (1986), paragraph one of the syllabus. " '[T]he rule is not to be read without emphasis on the important words "no longer" * * * it refers to some *change in conditions* that makes continued enforcement inequitable.' " (Emphasis added.) *Wurzelbacher v. Kroeger*, 40 Ohio St.2d 90, 92, 320 N.E.2d 666 (1974), quoting *Schildhaus v. Moe*, 335 F.2d 529, 530 (2d Cir.1964).

{¶18} *Wurzelbacher* is the foundational case interpreting this provision. In that case, Kroeger's heirs-at-law, next-of-kin, and beneficiaries were parties to a will contest in the court of common pleas. *Id.* at syllabus. After trial on the validity of the will had begun, the parties reached a settlement agreement. *Id.* As a result of the settlement, the judge directed a verdict finding the will to be valid. *Id.* Subsequently, the probate court found that the settlement agreement was invalid because, in part, the minor beneficiaries under the will had not been represented by a guardian ad litem. *Id.* The court held that the probate court's invalidation of the settlement agreement rendered it "no longer equitable" to enforce the court of common pleas' judgment of the will's validity. *Id.* at 93.

{¶19} More recently, the Twelfth District Court of Appeals interpreted this provision in a foreclosure case, *LNV Corp. v. Edgar*, 12th Dist. Butler No. CA2011-10-190, 2012-Ohio-1899. The day before trial, the bank and homeowner reached a settlement agreement to avoid foreclosure. *Id.* at ¶ 3. The homeowner was to execute a deed in lieu of foreclosure, and the bank would release the homeowner from personal liability on the note. *Id.* The trial court dismissed the foreclosure action with prejudice. *Id.* After more than a year passed without the homeowner's consummation of the agreed settlement, the bank moved for relief from the settlement entry to modify the

dismissal to one without prejudice. *Id.* at ¶ 4. The court of appeals affirmed the trial court's grant of relief to the bank, holding that the homeowner's refusal to follow through on the settlement agreement was the sort of subsequent, unforeseeable event that made application of the court's judgment no longer equitable. *Id.* at ¶ 21.

{¶20} U.S. Bank's argument is that the quiet-title action to extinguish the mortgage on the Florida property is a subsequent event that makes it no longer equitable to enforce the judgment. However, the use of the judgment to extinguish the mortgage lien that secured payment of the debt under the note, where the judgment invalidated the note, is not an unforeseeable "change in circumstances," such as the failure of a settlement agreement to be put into effect. It is the natural next step for Armstrong once the debt secured by the mortgage was found to be unenforceable.

{¶21} U.S. Bank claims that allowing the court's judgment to be used to extinguish the mortgage on Armstrong's property would result in Armstrong's unjust enrichment, and that it is "no longer equitable" that the judgment should apply. We disagree. Armstrong's relief from his obligation to make payments on the note, which is the source of his "enrichment," is contemporaneous with the judgment itself. *See Natl. City Home Loan Servs. v. Gillette*, 4th Dist. Scioto No. 05CA3027, 2006-Ohio-2881, ¶ 22 (finding that the debtor's enrichment occurred prior to or contemporaneously with the judgment relieving her from the responsibility to repay the loan).

{¶22} Because there has been no change in conditions here, U.S. Bank cannot obtain relief under Civ.R. 60(B)(4).

### C. Civ.R. 60(B)(5): Fraud upon the Court

{¶23} U.S. Bank argues that it is entitled to relief under Civ.R. 60(B)(5) on the

grounds that Armstrong's attorney made material misrepresentations to the court in filing for a default judgment, which amounted to fraud upon the court. U.S. Bank contends that Armstrong's filings with the court did not specifically point out the existence of the 2013 loan-modification agreement. U.S. Bank claims that the 2013 loan-modification agreement revived the statute of limitations for the loan, and thus the limitations period had not yet run until after the court granted judgment to Armstrong.

**{¶24}** Civ.R. 60(B)(5) provides that the court may grant relief for "any other reason justifying relief from the judgment." "[T]his 'catch-all' provision only applies when a more specific provision under such rule does not; it is not to be used as a substitute for any of the other, more specific, provisions of the rule." 63 Ohio Jurisprudence 3d, Judgments, Section 516, at 402-403 (2021); *State v. Burner*, 1st Dist. Hamilton No. C-180516, 2020-Ohio-2930, ¶ 13, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. Generally, fraud and misrepresentations are covered under Civ.R. 60(B)(3), which permits relief in the case of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." However, Civ.R. 60(B)(5) may be used to seek relief when the fraud in question amounts to fraud upon the court, which is distinguished from ordinary fraud. *See, e.g., Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus.

**{¶25}** "Fraud upon the court differs from Rule 60(B)(3), fraud or misrepresentation by an adverse party. Fraud upon the court might include, for example, the bribing of a juror, not by the adverse party, but by some third person." Civ.R. 60, Staff Notes. " ' "Examples of fraud on the court justifying relief from

8

judgment would include such 'egregious misconduct' as bribery of a judge or jury, or fabrication of evidence by counsel * * * or the prevention of an opposing party from fairly presenting his case.' " *Vukovic-Burkhardt v. Dayton Bd. of Edn.*, 2d Dist. Montgomery No. 29539, 2022-Ohio-4183, ¶ 25, quoting *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-53, 2016-Ohio-5264, ¶ 19, quoting *Hartford v. Hartford*, 53 Ohio App.2d 79, 84, 371 N.E.2d 591 (8th Dist.1977).

{¶26}  "Fraud on the court granting the default judgment must be proved by clear and convincing evidence * * *." *First Natl. Bank of Clermont Cty. v. Blanchard*, 1st Dist. Clermont No. 636, 1977 Ohio App. LEXIS 8482, 4 (June 8, 1977), citing *Boaz v. Hazlett*, 1st Dist. Hamilton No. C-76086, 1977 Ohio App. LEXIS 8709, 4 (Mar. 16, 1977). The party alleging fraud bears the burden of proof. *Kell*, 1st Dist. Hamilton No. C-120665, 2013-Ohio-4223, at ¶ 44. *Accord Natl. Collegiate Student Loan Trust-1 v. Payne*, 10th Dist. Franklin No. 21AP-628, 2022-Ohio-2636, ¶ 18.

{¶27}  " ' "[T]he trial court is best able to determine whether a fraud has been perpetrated upon it. Consequently, the trial court's determination of the issue is entitled to great weight * * *." ' " *Coulson*, 5 Ohio St.3d at 16, 448 N.E.2d 809, quoting *Coulson v. Coulson*, 8th Dist. Cuyahoga No. 43996, 1982 Ohio App. LEXIS 12144, 4 (Feb. 11, 1982), quoting *Hartford* at 85.

{¶28}  Here, U.S. Bank argues that Armstrong's failure to bring the 2013 loan-modification agreement to the court's attention amounted to fraud upon the court. Armstrong based his argument for a default judgment on the claim that the loan was accelerated on December 6, 2010, and had been accelerated since that time. Under R.C. 1303.16(A) (UCC 3-118), the limitations period on a note is six years after the accelerated due date. U.S. Bank alleges that this time was reset when Armstrong

agreed to the loan modification, and therefore, the limitations period does not begin until the maturity date set forth in the modification agreement (April 1, 2040) or on any earlier date of acceleration. U.S. Bank argues that the earliest date that the statute of limitations could have run is August 8, 2020, six years after it filed its 2014 foreclosure action. Therefore, according to U.S. Bank, the limitations period could not possibly have expired before Armstrong filed suit on October 14, 2019.

{¶29} In response, Armstrong contends that the loan modification was not concealed from the trial court because it was referenced in an exhibit attached to his affidavit in support of a default judgment. That exhibit was U.S. Bank's 2014 complaint for foreclosure, which recited in paragraph 4: "KENNETH ARMSTRONG and [his wife] executed and delivered a Home Affordable Modification Agreement ("Agreement"). This Agreement was recorded in Official Instrument Number 2014010277 [of the Public Records of SARASOTA County, Florida.]" Armstrong also argues that his trial counsel had an adequate legal basis to conclude that the loan-modification agreement was not legally relevant, and thus not making an affirmative disclosure of its existence was a matter of the attorney's legal analysis, rather than a misrepresentation. *See U.S. Bank, N.A. v. Kapitula*, 12th Dist. Clermont No. CA2012-08-058, 2013-Ohio-2638, ¶ 12 (holding that an erroneous legal argument by plaintiff bank did not amount to "fraud on the court" for purposes of Civ.R. 60(B)(5) where the argument was used to procure a default judgment).

{¶30} Mindful of the "great weight" we are to afford the trial court's determination as to whether fraud has been perpetrated upon it, we cannot say that the trial court abused its discretion in finding that there was not clear and convincing evidence of fraud upon the court. The trial court did not err in determining that U.S.

Bank was not entitled to relief under Civ.R. 60(B)(5). We overrule U.S. Bank's first assignment of error.

### III. Second Assignment of Error

{¶31} In its second assignment of error, U.S. Bank argues that the trial court erred by adopting as its decision the findings of fact and conclusions of law submitted by Armstrong. U.S. Bank contends that the proposed order, as adopted by the trial court, contains several erroneous findings of fact and conclusions of law.

{¶32} "Civ.R. 52 does not prohibit a trial court from adopting verbatim a party's proposed findings of fact and conclusions of law, as long as the court 'has thoroughly read the document to ensure that it is completely accurate in fact and law.' " *Watts v. Fledderman*, 1st Dist. Hamilton No. C-170255, 2018-Ohio-2732, ¶ 22, quoting *Hinkston v. Fin. Co.*, 1st Dist. Hamilton No. C-980972, 2000 Ohio App. LEXIS 2010, 6-7 (May 12, 2000). "[T]he trial court's adoption of [a party's] findings of fact and conclusions of law is not error unless [the opposing party] can demonstrate that the findings of fact are not supported by competent, credible evidence, or that the conclusions of law are not supported by legally sufficient evidence." *Fernwalt v. Our Lady of Kilgore*, 2017-Ohio-1260, 88 N.E.3d 499, ¶ 26 (7th Dist.).

### A. Effect on Subsequent-Event Analysis

{¶33} U.S. Bank argues that the trial court's order misrepresented its argument regarding its claim for relief under Civ.R. 60(B)(4). In its order, the trial court stated:

> U.S. Bank's argument that the ongoing quiet title action is a "subsequent" event would essentially rewrite Rule 60(B)(4) to include nearly every judgment, as every judgment has some prospective *res*

*judicata* or collateral estoppel effects and could be introduced into other actions.

{¶34} U.S. Bank complains that it did not make the argument "that any judgment that could be used collaterally should fall into Civ.R. 60(B)(4)'s purview."

{¶35} However, that is not the purpose of the trial court's statement. The excerpt cited by U.S. Bank does not summarize the bank's argument. Rather, it states a legal conclusion that *if* the court accepted U.S. Bank's argument, then *the result* would be that any judgment subsequently used in a collateral matter would be subject to relief under the rule.

{¶36} This is a proper concern for the trial court to raise, and it accurately reflects the history of Civ.R. 60(B)(4) and its federal equivalent. *See In re J.W.*, 9th Dist. Summit No. 26874, 2013-Ohio-4368, ¶ 26, quoting *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir.1995), quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (1988) (" ' "Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect[.] That a court's action has continuing consequences, however, does not necessarily mean that it has prospective application for the purposes of [Federal] Rule 60(b)(5)." ' ").

### B. *Forfeiture of the Fraud-Upon-the-Court Argument*

{¶37} The trial court determined that U.S. Bank had forfeited its fraud-upon-the-court argument under Civ.R. 60(B)(5) by raising it in its reply memorandum, rather than including it in its memorandum in support of its motion.

{¶38} Even if this conclusion is legally erroneous, U.S. Bank has not shown prejudice from the error. The trial court analyzed the merits of U.S. Bank's fraud-upon-the-court argument as an alternative basis for denying its motion, and it

determined that Armstrong had not committed fraud upon the court.

### C. Misrepresentation Under Civ.R. 60(B)(3)

{¶39} U.S. Bank next claims that it was erroneous for the trial court to conclude that its argument about the misrepresentation, which it argued as fraud upon the court under Civ.R. 60(B)(5), "is more properly characterized under Rule 60(B)(3) and therefore cannot be considered past the one-year time limit."

{¶40} Because the trial court concluded that the alleged misrepresentation did not constitute fraud upon the court, it was correct that, to the extent that Armstrong made some misrepresentation, such a misrepresentation could be considered only under Civ.R. 60(B)(3), including the one-year time limit applicable to that provision.

### D. Reason for Omitting the Loan-Modification Agreement

{¶41} Finally, U.S. Bank argues that there is no evidence in the record to support the trial court's factual finding that Armstrong's trial counsel omitted the 2013 loan-modification agreement only because counsel believed it to be legally irrelevant.

{¶42} First, the trial court did not actually enter a factual finding that Armstrong's counsel failed to inform the court about the loan-modification agreement because counsel believed it was not legally relevant. The court merely recited that Armstrong had presented that argument. ("Plaintiff argued that * * *."; "Plaintiff explained that * * *."; "Plaintiff emphasized that * * *.") The court's factual finding was: "After considering the record and the arguments of the parties, the Court finds that Plaintiff's former attorney did not engage in 'fraud on the Court' under these circumstances."

{¶43} Second, to the extent that the court found such facts without an evidentiary basis, the error is harmless. Armstrong did not have the burden to prove

the lack of fraud. Rather, U.S. Bank had the burden to prove fraud by clear and convincing evidence. U.S. Bank has not done so, and thus the lack of evidence adduced by Armstrong on this point is immaterial to the outcome.

**{¶44}** Because we find no errors in the trial court's findings of fact and conclusions of law that are prejudicial to U.S. Bank, we overrule its second assignment of error.

### IV. Conclusion

**{¶45}** For the foregoing reasons, we overrule both of U.S. Bank's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.