**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Everett Alan PALMER,**
**Defendant-Appellant.**

**No. 76–3632.**

United States Court of Appeals,
Ninth Circuit.

Oct. 12, 1977.

William J. Bender, Asst. Federal Public Defender, argued, Seattle, Wash., for defendant-appellant.

Francis J. Diskin, Asst. U. S. Atty., argued, Seattle, Wash., for plaintiff-appellee.

Before MERRILL, DUNIWAY and CHOY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant, Palmer, was convicted of bank robbery. During the trial the government placed in evidence numerous items of the defendant's personal property, including a revolver and $763 in cash which had been seized at the time of his arrest. Defendant made a post-conviction motion for return of his property, excepting the revolver. That the court has jurisdiction was the holding of *United States v. Wilson*, 540 F.2d 1100 (D.C. Cir. 1976).[1]

■ The government opposed the motion. It contended that since the property items had been received in evidence as government exhibits they should be returned to the government as the offering party. It was willing to waive its rights in this respect as to all items sought save the money. As to the money its opposition was firm: the court should avoid getting into a dispute over ownership or right to possession and return the exhibit to the offering party. The district court agreed and denied appellant's motion. This appeal followed.[2]

The government makes no claim of ownership by virtue of forfeiture or otherwise. There was no evidence that the money was the property of the bank, although the government in brief and argument persists in referring to it as "bank loot." The bank that was the victim of the robbery made no third-party claim of ownership. Nor has it perfected any claim against the money as security for a civil judgment being sought in another forum.

Thus, no dispute as to ownership has been tendered to the court for resolution or interpleader. The guilty verdict did not, of course, carry with it any civil adjudication of liability to the victim bank in any specified amount. The only claim adverse to that of the defendant was the government's claim that as a short-cut to an obviously just solution it should be permitted to turn the money over to the victim bank and let defendant try to get it back from the bank.[3]

While we wholeheartedly approve the proposition that victims of crime should

1. As its footnote 4, page 1103, the court in *Wilson* quotes The American Law Institute Model Code of Pre-Arraignment Procedure, § SS 280.3 (1975), to the following effect:

"Existing statutes do not discriminate between grounds which may support a motion for return of seized things, as compared to a motion to suppress evidence. The federal rule (Fed.R.Crim.P. 41), for example, treats all the specified grounds as equally applicable to both. Yet there is plainly a great difference. A narcotics pusher from whom a quantity of heroin has been seized by an unlawful search may be entitled to suppress the heroin as evidence, but not to get it back.

In most if not all circumstances, the legality *vel non* of the search or seizure is not relevant to disposition of a motion for return or restoration of the property. If possession of the things seized is unlawful, the state retains the things no matter how it got them. If stolen goods are involved and the true owner is on hand with undisputed evidence of title, he should have them restored whether or not their seizure by the police from the thief was proper or improper. If the seizure is for evidentiary purposes of things innocent in themselves, as for example an identifying garment or incriminating records, the lawfulness of the seizure goes only to the question of when they should be returned; when their evidentiary utility is exhausted, the owner

should have back his overcoat or his business ledger."

2. The order of the district court was a final one made after the criminal proceedings were terminated and this court has jurisdiction under 28 U.S.C. § 1291. *Carroll v. United States*, 354 U.S. 394, 403–404, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *Cogen v. United States*, 278 U.S. 221, 225–26, 49 S.Ct. 118, 73 L.Ed. 275 (1929); *Dickhart v. United States*, 16 F.2d 345, 346 (D.C.Cir. 1926).

3. In written argument to the district court on appellant's motion the United States asserted:

"The FBI's normal procedure in disposing of Government exhibits upon completion of a bank robbery case is reasonable. In this case the suspected bank loot would be returned to Seattle-First National Bank after the bank executes a hold harmless agreement in favor of the Government. The defendant can litigate any claim which he feels he may have against the bank in a civil suit. Of course his chances of recovery would be nil, probably discouraging the suit entirely and thus saving judicial energy, since a jury has found beyond a reasonable doubt that he stole approximately $2,500 from Seattle-First National Bank nine days prior to his being arrested with the money. The issue of whether or not this is the identical money would not even have to be addressed in such a lawsuit."

have compensation from the criminal, we feel that even at the cost of judicial time it is preferable to accomplish this end through traditional judicial procedures rather than to leave it to the police, state or federal, to find nonjudicial ways and means by which to secure compensation from the criminal. Accordingly, we reject any claim of the United States to possession of the money for such purpose.

█ The United States asserts that local Rule CR 79(g) of the United States District Court for the Western District of Washington provides that exhibits should be returned to the party offering them in evidence at the conclusion of a trial and when there is no further judicial need for them. The rule does not so provide.[4] The offering party is never mentioned. The rule deals with the circumstances under which copies of exhibits can be substituted for the originals (which the court will then order "returned to the party to whom they belong"), and rather ambiguously authorizes the clerk of court at the appropriate time, without court order, to return exhibits "to the respective parties or their counsel."

We conclude that in absence of any cognizable claim of ownership or right to possession adverse to that of appellant, the district court should have granted appellant's motion and returned to him the money taken from him by government seizure.

The order appealed from is vacated and the matter is remanded for further proceedings. Should other claims to the money have surfaced by the time the district court takes action on our remand they must, of course, be dealt with. However, in absence of any claim other than that of the United States here discussed the motion of appellant must be granted and the money returned to him.

---

4. The Rule reads:

"CR 79(g) Custody and Disposition of Exhibits.

Every exhibit introduced in evidence shall be held in the custody of the Clerk; but unless there be some special reason why the originals should be retained and except as provided in Rule 75(i) of the Federal Rules of Civil Procedure, the Court will, upon application, order them to be returned to the party to whom they belong, upon the filing of copies thereof, approved by counsel for all parties concerned, in place of the originals.

After final judgment and after the time for appeal and motion for new trial has passed, or upon the filing of a stipulation waiving and abandoning the right to appeal, and to a new trial, the Clerk is authorized, without further order of the Court, to return all exhibits, depositions, and transcripts of testimony or proceedings in civil and bankruptcy cases to the respective parties or their counsel."