978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Townsend STANCIL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Oct. 28, 1992.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and VAN SICKLE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This is a pro se action for the return of documents seized under state authority but used in a federal prosecution.
 
 
 4
 * Stancil's house and office were searched by investigators from the Los Angeles District Attorney's Office. Passports in other names, but bearing Stancil's picture, were seized. Other identification documents, some with Stancil's picture, were also seized.[1]
 
 
 5
 Stancil was indicted by the federal government for two counts of false statements in a passport application, and one count of possession of five or more false identification documents. See 18 U.S.C. § 1542; 18 U.S.C. § 1028(a)(3). Stancil pleaded guilty to the two counts related to the passport applications; the other count was dismissed. Among the express conditions of Stancil's probation was that he not possess identification in any name other than his own and that he dispose of identification documents not in his true name.
 
 
 6
 Stancil made a motion pursuant to Federal Rule of Criminal Procedure 41(e) for the return of the documents seized or subpoenaed in conjunction with his case. According to his declaration, he seeks "specifically the identity papers." The district court denied his motion without a hearing or comment. This court has jurisdiction over Stancil's appeal under 28 U.S.C. § 1291. We affirm.
 
 II
 
 7
 A motion for return of property under Rule 41(e) is treated as a civil equitable proceeding. In re Grand Jury Subpoenas, 926 F.2d 847, 855 (9th Cir.1991). This court has jurisdiction over an appeal from the denial of such a motion when there are no criminal charges pending against the movant. Id. The district court's interpretation of Rule 41(e) is reviewed de novo. Id. However, the determination of the right to possession is a finding of fact reviewed for clear error. Id.
 
 III
 
 8
 As a general rule, seized property, other than contraband, must be returned to its owner after criminal proceedings have terminated. Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982). When property is no longer needed for evidentiary purposes because the defendant has pleaded guilty, the burden shifts to the government to demonstrate a legitimate reason to retain that property.[2] United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987). A Rule 41(e) motion should be denied, however, if the movant is not entitled to lawful possession of the property or it is contraband. United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991).
 
 
 9
 Stancil was indicted for two counts of false statements in a passport application pursuant to 18 U.S.C. § 1542, and one count of possession of five or more false identification documents pursuant to 18 U.S.C. § 1028(a)(3). Section 1028 defines an identification document as:
 
 
 10
 a document made or issued by or under the authority of the United States Government, a State, a political subdivision of the State, a foreign government ... which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification.
 
 
 11
 18 U.S.C. § 1028(d)(1). A false identification document is an authentic or real document issued by some governmental body but procured by false statements or fraud. See United States v. Smith, 685 F.Supp. 1523, 1530 (D.Or.1988). The documents at issue here include passports, birth certificates, drivers' licenses, social security cards, and college transcripts, all in names other than Stancil's own.
 
 
 12
 As part of the plea negotiation, the government agreed to recommend that the charge for possession of false identification documents under 18 U.S.C. § 1028(a)(3) be dismissed. For Stancil's part, the terms of his probation required that he dispose of identification documents not in his own name. He is not now entitled to the return of these documents because they are in the government's possession, rather than his own. Stancil has no lawful right to possess false identification documents. As possession is unlawful, Stancil is not entitled to their return. See United States v. Palmer, 565 F.2d 1063, 1064 n. 1 (9th Cir.1977).
 
 IV
 
 13
 The district court denied Stancil's motion without a hearing and without requiring the government to respond. The court's decision not to hold an evidentiary hearing is reviewed for an abuse of discretion. See Center Art Galleries-Hawaii v. United States, 875 F.2d 747, 754 (9th Cir.1989). Here, Stancil has repeatedly made similar motions to the district court alleging that the government had misrepresented the nature of the documents. The court has considered and denied each of those motions. Accordingly, the district court did not abuse its discretion in summarily denying this motion. See United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) ("palpably incredible or patently frivolous" motion warrants summary dismissal).
 
 V
 
 14
 The district court's denial of Stancil's Rule 41(e) motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The government's description of these documents is taken from the Presentence Report, at 2-3. Stancil alternatively asserts that these documents do not exist, that the government misrepresents the nature of the documents, and that the documents are no longer valid. Because he has made a motion for the return of documents, we will assume that they exist
 
 
 [2]
 The government argues that it retains only copies of some of the documents. However, there is no distinction between copies and originals for purposes of Rule 41(e). See Sovereign News, 690 F.2d at 577