**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco H. GARCIA, Sr.,**
**Defendant–Appellant.**

**No. 96–10043.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1997.

Decided Feb. 2, 1998.

---

**668**

Constance L. Trecartin, Tucson, Arizona, for defendant–appellant.

Frederic J. Dardis, Law Offices of Dardis & Hippert, P.C., Tucson, Arizona, for defendant–appellant.

Terry Chandler, Assistant United States Attorney, Tucson, Arizona, for plaintiff–appellee.

Before: BOOCHEVER and KLEINFELD, Circuit Judges, and WILSON, District Judge.*

WILSON, District Judge:

Francisco H. Garcia, Sr. ("Garcia") appeals his conviction on three counts of conspiracy, which alleged: laundering money in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), and 2; engaging in monetary transactions in property derived from unlawful activity in violation of 18 U.S.C. §§ 1957 and 2; and possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 846. Garcia argues that his conviction and sentence should be reversed because (1) his due process rights were violated, (2) his Sixth Amendment right to compulsory process was violated, and (3) the district court erred by increasing his offense level by two levels for obstruction of justice. In a

---

* The Honorable Stephen V. Wilson, United States District Court for the Central District of California, sitting by designation.

separate unpublished memorandum, the Court rejected Garcia's first two claims. We now reject Garcia's third claim, and affirm.

## BACKGROUND

The government claimed that Garcia was involved in a conspiracy to transport marijuana from Tucson, Arizona to Columbus, Ohio. The evidence disclosed that money received from the drug conspiracy was used to fund the operation of a radio station in Tucson called "Radio Pantera." The evidence also indicated that the deposits into Radio Pantera's corporate account had been structured to avoid the Internal Revenue Service's reporting requirements.

As part of Garcia's defense, he claimed that the money he allegedly laundered was generated by legitimate businesses in Mexico. To lay an evidentiary foundation for the admission of certain business documents, Garcia called Francisco Javier Leon–Reyes ("Reyes"), who claimed to be Garcia's accountant. Reyes testified through a translator as to the authenticity of the documents, which included a registration receipt, annual statements from the Secretaria de Hacienda ("Hacienda"),[1] and tax returns or statements. According to Reyes, a red stamp on the documents demonstrated that they had been filed with the Mexican government.

After Reyes testified, the government called as a rebuttal witness Maria de la Luz Nunez ("Nunez"), a representative from the Hacienda. Ms. Nunez testified that she conducted a search of the Hacienda tax records, and she concluded that the tax statements submitted by the defense through Reyes were falsified and that Garcia had not been paying taxes in Mexico.

On June 2, 1995, the jury convicted Garcia on all three counts. At the January 16, 1996 sentencing hearing, the district court found that Garcia suborned the perjury of Reyes when Reyes falsely testified as to the authenticity of Garcia's Mexican business documents. Based upon that finding, the court increased Garcia's offense level by two levels for obstruction of justice pursuant to § 3C1.1 of the Federal Sentencing Guidelines.

On appeal, Garcia claims *inter alia* that the district court erred by increasing his offense level by two levels for obstruction of justice. Garcia argues that the proper standard of proof for a court's finding of obstruction of justice based on subornation of perjury is greater than a preponderance of evidence. Furthermore, Garcia argues that even if the proper standard is a preponderance of evidence, the district court did not make findings sufficient to satisfy that standard.

## DISCUSSION

### I. Standard of Review

A district court's interpretation of the Sentencing Guidelines is reviewed *de novo*. *United States v. Newland*, 116 F.3d 400, 402 (9th Cir.1997). We review a district court's factual findings in the sentencing phase for clear error. *See United States v. Parrilla*, 114 F.3d 124, 126 (9th Cir.1997). A district court's application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *Id.*

### II. Analysis

Section 3C1.1 of the Federal Sentencing Guidelines provides for a two-level upward adjustment for obstruction of justice:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

U.S. Sentencing Guidelines Manual § 3C1.1 (1996). The Application Notes of the Guidelines state that the enhancement applies to conduct such as "committing, suborning, or attempting to suborn perjury." *Id.* § 3C1.1 cmt. 3(b). Furthermore, "the defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." *Id.* § 3C1.1 cmt. 7.

---

**1.** The Secretaria de Hacienda is the Mexican equivalent to the Internal Revenue Service.

## A. Standard of Proof for Upward Adjustment

■ Findings of fact under the Guidelines require only a preponderance of evidence. *United States v. Wilson*, 900 F.2d 1350, 1354 (9th Cir.1990). In *United States v. Rafferty*, 911 F.2d 227, 231 (9th Cir.1990), we specifically held that the preponderance of evidence standard articulated in *Wilson* applies to obstruction of justice adjustments under § 3C1.1. Nevertheless, Garcia argues that the Guidelines require a district court's findings of subornation of perjury to exceed a preponderance of evidence before applying an upward adjustment for obstruction of justice. Garcia relies on Application Note 1 under § 3C1.1, which provides: "In applying this provision in respect to alleged false testimony or statements *by the defendant*, such testimony or statements should be evaluated in a light most favorable to the defendant." *Id.* § 3C1.1 cmt. 1 (emphasis added).

■ Assuming without deciding that Application Note 1 mandates a standard greater than a preponderance of evidence for a sentence enhancement for a defendant's own false testimony, it does not apply to the facts here. Garcia's upward adjustment was not based on his own perjured testimony, but rather on the fact that he suborned the perjured testimony of a witness. *See United States v. Johnson*, 968 F.2d 208, 216 (2d Cir.1992) (holding that Application Note 1 applies only to perjury by defendant, not subornation of perjury). This distinction between perjury and subornation of perjury is justified. A finding that a witness committed perjury does not involve the same concerns about inhibiting a defendant's right to testify that arise when finding that the defendant has committed perjury. *See* U.S.S.G. § 3C1.1 cmt. 1. Therefore, the district court was only required to find by a preponderance of evidence that Garcia suborned Reyes's perjured testimony.

## B. Sufficiency of the District Court's Findings

■ Garcia next argues that the district court's findings were insufficient to support the upward adjustment even under a preponderance of the evidence standard. In *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), the Supreme Court stated:

> [I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out. When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if, as was the case here, the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.

*Id.* at 95, 113 S.Ct. at 1117. *Dunnigan* upheld the lower court's upward adjustment where the lower court's findings were as follows:

> The court finds that the defendant was untruthful at trial with respect to material matters in this case. [B]y virtue of her failure to give truthful testimony on material matters that were designed to substantially affect the outcome of the case, the court concludes that the false testimony at trial warrants an upward adjustment by two levels.

*Id.*

Prior to *Dunnigan*, we held in *United States v. Barbosa*, 906 F.2d 1366, 1369–70 (9th Cir.1990), *cert. denied*, 498 U.S. 961, 111 S.Ct. 394, 112 L.Ed.2d 403 (1990), that the district court was not required to make specific findings as to specific portions of a defendant's testimony it believed to be false. In *United States v. Arias–Villanueva*, 998 F.2d 1491 (9th Cir.1993), *cert. denied*, 510 U.S. 937, 114 S.Ct. 359, 126 L.Ed.2d 322 (1993), a post-*Dunnigan* opinion, we rejected the contention that *Dunnigan* effectively overruled *Barbosa*, and reaffirmed our holding in that case.

So long as the district court finds that a defendant's trial testimony satisfies the elements for perjury as set forth in *Dunni-*

*gan,* an enhancement for obstruction of justice is proper.

*Id.* at 1512.

In the present case, the district court found that Reyes committed perjury and that Garcia suborned that perjury. As to Reyes's perjury, Ms. Nunez testified at trial that the tax documents that Reyes authenticated were falsified.[2] Because Ms. Nunez, as a representative from the Hacienda, was qualified to testify as to the genuineness of documents filed with the Hacienda, the district court's finding that Reyes committed perjury was not clearly erroneous.

At the sentencing hearing, the prosecution argued that Reyes would not have, on his own initiative, taken it upon himself to perjure himself and to falsify and manufacture documents. The prosecution further argued that because the documents were purportedly Garcia's, he would have known that he had not filed them, and that the tax returns and the bank records were false. The district court agreed with the prosecution:

> As to paragraph [35 of the pre-sentence report], there's not much question that the documents were phony, and I have a hard time—I think I have to agree with Mr. Fink [the prosecutor], even though it goes against my grain to sentence when somebody's under indictment. It just seems to me that—feel that that man [Reyes] did that out of whole [cloth] all by himself is straining credulity. So I find that paragraph 35, the evidence does support the probation officer's position.

■ Garcia argues that because Reyes had not yet been convicted of perjury at the time of the sentencing hearing, the district court erred in finding that Garcia suborned perjury. However, the district court was required only to find by a preponderance that Reyes perjured himself, whereas a perjury conviction would require proof beyond a reasonable doubt. Given Ms. Nunez's testimony at trial, the district court's finding that Reyes committed perjury was not clearly erroneous.

■ Garcia further argues that there was no evidence that he suborned Reyes's perjury. Garcia is correct that there is no direct evidence of subornation. The district court, however, based on the circumstantial evidence and the prosecution's arguments at the hearing, found that it was more likely than not that Garcia suborned Reyes's perjury. *See United States v. Duranseau,* 26 F.3d 804, 810 (8th Cir.1994) (holding that the government can sustain its burden for obstruction of justice through circumstantial or direct evidence); *United States v. Hang,* 75 F.3d 1275, 1285 (8th Cir.1996) (affirming upward adjustment for obstruction of justice based on circumstantial evidence). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). Based on the evidence before the district court, the court's findings were sufficient and were not clearly erroneous. In light of those findings, the district court did not abuse its discretion by increasing Garcia's offense level by two levels for obstruction of justice.

**AFFIRMED.**

---

**2.** At the time of the sentencing hearing, Reyes had already been indicted for perjury. On May 24, 1996, Reyes was found guilty of seven counts of perjury.