**UNITED STATES of America, Plaintiff,**

v.

**Byron JONES, aka Carl Lee, Defendant.**

**No. 3:92–CR–153–P.**

United States District Court, W.D. North Carolina.

March 3, 1999.

Assistant United States Attorney Timika Shafeek, Charlotte, NC, for plaintiff.

Byron Jones, pro se.

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on the Government's Motion to File out of Time [document no. 80, filed 8 February 1999] and Motion for Reconsideration [document no. 81, filed 8 February 1999].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In an Order filed December 30, 1998, the Court granted in part and denied in part a Motion by Defendant Byron Jones, aka Carl Lee ("Jones") for Return of Property Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. In particular, the Court ordered the Government to return to Jones his personal papers and money seized during his arrest in the amount of $266.00.

The Government returned Jones' personal papers but now argues in its Motion for Reconsideration that the $266.00 never belonged to Jones but rather belonged to Co–Defendant Dandre Torres, aka Danny Scott ("Torres"). The Government attached to its Motion for Reconsideration a Charlotte Police Property Report indicating that the money was impounded from Torres. (Gov't's Mot. Recons., Ex. A.) The Government also attached a statement from an officer who executed the search warrant at Jones' residence. (*Id.*, Ex. B.) The officer stated that the $266.00 was found in a bedroom occupied by Torres

and was situated next to other personal items belonging to Torres. (*Id.*)

## II. DISCUSSION AND ANALYSIS

■ While there is no authority in the Federal Rules of Criminal Procedure for a motion for reconsideration, a motion to return property under Rule 41(e) ·of the Federal Rules of Criminal Procedure is treated as a civil equitable proceeding; consequently, the Federal Rules of Civil Procedure apply. *United States v. Garcia*, 65 F.3d 17, 18 n. 2 (4th Cir.1995); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir.1987). Motions for reconsideration in civil cases arise from either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 59(e), 60(b). Here, the Government does not specify whether it is moving under Rule 59(e) or 60(b).

■ A motion under Rule 59(e) must be made within ten days of the ruling that it seeks to amend. Fed.R.Civ.P. 59(e). This time limitation is jurisdictional and cannot be enlarged. Fed.R.Civ.P. 6(b). Because the instant Motion for Reconsideration was filed more than ten days after the Court's 30 December 1998 Order, the Government is not entitled to any relief under Rule 59(e).

■ In contrast, a Rule 60(b) motion requesting relief on grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud "shall be made within a reasonable time, and ... not more than one year." Fed.R.Civ.P. 60(b). The "rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal." *Freschi v. Grand Coal Venture*, 103 F.R.D. 606, 608 (S.D.N.Y.1984) (citing *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964); *Fackelman v. Bell*, 564 F.2d 734 (5th Cir.1977)). Thus, a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal. *In Re Texlon Corp.*, 596 F.2d 1092, 1100 (2d Cir.1979).

In the case at bar, the Government's motion for relief was filed within the time to file a notice of appeal. *See Martinson*, 809 F.2d at 1367 (holding that the sixty-day limit for filing a notice of appeal under Rule 4(a)(1) of the Federal Rules of Appellate Procedure applies to rulings on Rule 41(e) motions). As such, the Government requested relief within a reasonable time and does not need leave to file out of time.

■ Regardless of the timing, Rule 60(b) provides for extraordinary relief and is only to be invoked upon a showing of exceptional circumstances. *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990). As a threshold condition to any relief under the Rule, the Government must assume the burden of showing a meritorious defense against the claim upon which judgment was entered. *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir.1979) (citations omitted).

■ With regard to the Court's Order filed December 30, 1998, a Rule 41(e) motion is properly granted if the government no longer needs the seized property as evidence, the property is not subject to forfeiture, and the defendant is entitled to lawful possession of the property. *United States v. Mills*, 991 F.2d 609, 612 (9th Cir.1993). After trial, a criminal defendant is presumed to have the right to the return of his property, and the burden of proof is on the government to show "that it has a legitimate reason to retain the property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir.1991) (quoting *Martinson*, 809 F.2d at 1369). The Government may meet this burden by demonstrating "a cognizable claim of ownership or right to possession adverse to that of [the defendant]." *United States v. Palmer*, 565 F.2d 1063, 1065 (9th Cir.1977).

In *Palmer*, a convicted bank robber filed a post-conviction motion for return of property to recover $763.00, which was seized from him at the time of his arrest. The government opposed the motion on grounds that the. money belonged to the

bank and not the defendant. The United States Court of Appeals for the Ninth Circuit held that absent a cognizable claim of ownership by the government, the bank, or any other third party, the money should be returned to the defendant. *Id.*

Similarly, in *Martinson*, a criminal defendant moved for the return of guns seized during his arrest. Although the defendant was technically not the person from whom the guns were seized, the Court ruled that the defendant no longer bore the burden of demonstrating that he was entitled to lawful possession. *Martinson*, 809 F.2d at 1369 n. 4. That burden, said the Court, shifted to the government. *Id.*

In instant case, the Court previously ordered that the seized money be returned to Jones because the Government had no claim of ownership to it by virtue of forfeiture or otherwise. (Order filed Dec. 30, 1998, slip op. at 4.) The Government argues that the Court's ruling was based on the mistaken assumption that Jones was entitled to lawful possession of the money, whereas documentation indicates that the money was seized from Torres, not Jones. (Gov't's Mot. Recons., Exs. A, B.) Notwithstanding the newly presented evidence, Torres has made no claim to the money, and the Government still has not demonstrated a cognizable claim of ownership or right to possession to the $266.00 adverse to that of Jones. In sum, the Government has not satisfied the threshold condition for relief.

Allowing the Government to keep the seized money would run contrary to *Palmer* and *Martinson, supra.* "A district court has both the jurisdiction and the duty to return the contested property 'once the government's need for it has ended.'" *Martinson*, 809 F.2d at 1370 (quoting *United States v. Wilson*, 540 F.2d 1100, 1103–04 (D.C.Cir.1976)). Currently, Jones would be entitled to the $266.00. The Court will adjust its ruling, however, in a manner that best secures complete justice as demanded by the circumstances of this case. *Id.* at 1367. Torres shall have thirty days from the date of entry of this Order to assert a claim of ownership and move the Court for return of the $266.00. Absent such a claim, the Government shall return the money to Defendant Jones.

## III. CONCLUSION

The Government's Motion to File out of Time is moot because the Motion for Reconsideration was filed within a reasonable time under Rule 60(b) of the Federal Rules of Civil Procedure. To the extent that the Government is not entitled to keep the $266.00, the Court need not reconsider its Order filed December 30, 1998. On the other hand, the Court will allow Defendant Torres thirty days to assert a claim of ownership to the seized money. Absent such a claim, the Government shall promptly return the money to Defendant Jones.

**NOW, THEREFORE, IT IS ORDERED** that the Government's Motion to File out of Time [document no. 80] be, and hereby is, **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Government's Motion for Reconsideration [document no. 81] be, and hereby is, **HELD IN ABEYANCE.** *Defendant Torres shall have until April 2, 1999, to assert a claim of ownership to the $266.00 and move the Court for return of the money. Absent such a claim, the Government shall return the money to Defendant Jones, and, accordingly, the Government's Motion for Reconsideration shall be denied.*

The Clerk is directed to certify copies of this Order to Defendants Jones and Torres and to the United States Attorney for the Western District of North Carolina.