UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco DAVALOS, a.k.a. Perico; a.k.a. Miguel Aceves; a.k.a. Andy, a.k.a. Perry, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Hector Lopez; a.k.a. George; a.k.a. Chuco; a.k.a. Cholo, Defendant–Appellant.

Nos. 99–10231, 99–10239.
D.C. No. CR–97–01117–ACK.

United States Court of Appeals,
Ninth Circuit.

Submitted July 31, 2000.[1]

Decided Feb. 14, 2001.

---

1. The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before PREGERSON, HAWKINS, and McKEOWN, Circuit Judges.

## MEMORANDUM[2]

Francisco Davalos and Hector Lopez appeal their respective convictions and sentences, following a jury trial. Davalos was convicted of two counts of conspiracy to possess with intent to distribute heroin and two counts of causing the death of a person by carrying and using a firearm during and in relation to a drug trafficking crime. Lopez was convicted of two counts of conspiracy to possess with intent to distribute heroin, one count of causing the death of a person by carrying and using a firearm during and in relation to a drug trafficking crime, and one count of acting as an accessory after the fact. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants argue that the district court erred when it admitted into evidence newspapers articles about the murders that were found in their Oldsmobile. They contend that the articles were hearsay and thus inadmissible. A district court's evidentiary rulings during trial are reviewed

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

for abuse of discretion. *See United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir. 1999). Appellants' argument is without merit because the articles were not admitted to prove the truth of the matter asserted, and the jury was so instructed. *See* Fed.R.Evid. 801.

■ Appellants next argue that the prejudicial effect of the articles far outweighed their probative value and that the articles should not have been admitted under Fed.R.Evid. 403. We cannot say, however, that the district court abused its discretion in admitting the articles. Moreover, even if we were to find that the district court erred in admitting the articles into evidence, the error, if any, was harmless given the overwhelming evidence against Davalos and Lopez. *See United States v. Aichele*, 941 F.2d 761, 765 (9th Cir.1991).

■ Appellants next contend that the district court erred in failing to give the jury a specific unanimity instruction. Appellants did not request such an instruction at trial, so we review this contention for plain error. *See United States v. Bracy*, 67 F.3d 1421, 1431 (9th Cir.1995). A specific unanimity instruction is required only when it appears that there is "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Kim* 196 F.3d 1079, 1082 (9th Cir.1999) (internal quotation marks and citation omitted). We have described three situations in which a specific unanimity instruction should be given: (1) where the jury itself indicates its confusion; (2) where the indictment is sufficiently broad and ambiguous as to present a danger of jury confusion; and (3) where the evidence is sufficiently factually complicated as to indicate the possibility of jury confusion.

*See United States v. Anguiano*, 873 F.2d 1314, 1319–20 (9th Cir.1989).

■ Appellants argue that the district court should have given the jury a specific unanimity instruction because there were multiple conspiracy counts and the alleged dates of each conspiracy overlapped. Appellants' argument is without merit because there were no indications in this case that the jurors were confused. *See United States v. Echeverry*, 719 F.2d 974, 975 (9th Cir.1983) (holding that a special unanimity instruction is required where the jury indicates, by written questions to the court, that there is confusion concerning multiple conspiracies). Nor was the indictment so broad or the evidence so complex as to present a danger of jury confusion. Moreover, Davalos's assertion that some jurors might have convicted him on both conspiracy counts for a single act committed in furtherance of only one conspiracy is pure speculation, which will not support a finding of plain error. *See Anguiano*, 873 F.2d at 1319 (holding that an assertion that is little more than speculation will not support a finding of plain error).

■ Lopez separately claims that the district court erred in denying his motion for a new trial. The denial of a motion for a new trial is reviewed for abuse of discretion. *See United States v. Alvarez*, 86 F.3d 901, 906 (9th Cir.1996). At trial, Lopez's trial counsel filed a motion for a new trial and argued that the government was engaging in "a clear, unequivocal pattern of intentional misconduct" by intentionally withholding two pieces of evidence: (1) eleven pages of a police report; and (2) the identity, address, and statement of witness Stephen Ferguson. Lopez has not shown that the district court abused its discretion or that the government engaged in intentional misconduct. Furthermore, Lopez has failed to show that he was prejudiced by either of the two alleged acts of

misconduct. The government provided defense counsel with a copy of the missing pages of the police report before any of the witnesses in the report testified. Defense counsel was also given an opportunity to recall Ferguson for additional cross-examination but declined to do so.

Lastly, Lopez argues that the district court abused its discretion in denying his motion for a downward departure under U.S.S.G. § 5K2.10 based on the victim's conduct. Sentencing guideline decisions are reviewed for abuse of discretion. *See United States v. Garcia*, 135 F.3d 667, 669 (9th Cir.1998). Because the district court found that the victims committed no relevant misconduct in this case, we need not reach Lopez's claim of error.

AFFIRMED.