UNITED STATES of America, Plaintiff–Appellee,

v.

David Kent FITCH, aka David Lee Krause, Daniel Joseph O'Hare, Defendant–Appellant.

No. 00–10580.

D.C. No. CR–00–00050–KJD(RJJ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Dec. 14, 2001.

Before RONEY,* HUG, and THOMAS, Circuit Judges.

MEMORANDUM **

David Kent Fitch appeals his sentencing following his guilty plea to possession of false identification documents with intent to defraud the United States (18 U.S.C. § 1028(a)(4)), use of a false passport (18 U.S.C. § 1542), and unlawful possession of a firearm and ammunition by a felon (18 U.S.C. § 922(g)(1)). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 3742 and

---

* Honorable Paul H. Roney, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

We review a district court's evaluation of the reliability of evidence used for sentencing purposes for an abuse of discretion. *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir.1997). Likewise, what evidence a district court will consider in sentencing is also subject to an abuse of discretion review. *United States v. Ramos-Oseguera*, 120 F.3d 1028, 1039 (9th Cir. 1997); *United States v. Ayers*, 924 F.2d 1468, 1481 (9th Cir.1991). Whether a defendant is entitled to an acceptance of responsibility reduction is a factual determination subject to a clearly erroneous standard of review. *United States v. Felix*, 87 F.3d 1057, 1060 (9th Cir.1996). Finally, the denial of a motion for return of stolen property under Fed.R.Crim.P. 41(e) is reviewed de novo. *United States v. Marolf*, 173 F.3d 1213, 1216 (9th Cir.1999).

### 1. Fitch's Letter

■ The district court did not abuse its discretion in relying on Fitch's handwritten letter. Indeed, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Under this provision, Courts often accept letters from defendants, represented by counsel, prior to sentencing. *See e.g. United States v. Restrepo*, 930 F.2d 705, 710 (9th Cir.1991); *United States v. Ramos*, 923 F.2d 1346, 1360 (9th Cir.1991); *United States v. Johnson*, 953 F.2d 1167, 1172–73 (9th Cir.1992). Fitch's letter is no different. Accordingly, acceptance of the letter did not amount to prohibited hybrid representation.

Fitch's argument that the district court's acceptance of his letter denied him his Sixth Amendment right to counsel is equally unavailing. It is undisputed that Fitch had counsel during the entire proceeding and the court provided his counsel with a copy of the letter as well as an opportunity to read the letter and comment on it.

### 2. Obstruction of Justice

■ U.S.S.G. § 3C1.1 provides for a two level increase in the base offense level for obstructing or impeding the administration of justice. Threatening or attempting to influence a witness will support the application of this sentencing enhancement. *United States v. Sayetsitty*, 107 F.3d 1405, 1410 (9th Cir.1997). Suborning perjury is likewise sufficient to find obstruction. *United States v. Garcia*, 135 F.3d 667, 671 (9th Cir.1998). Also, bribing a jail guard is sufficient to support a finding of attempted escape and an enhancement for obstruction of justice. *United States v. Cisneros*, 112 F.3d 1272, 1279–80 (9th Cir. 1997). Finally, providing false information to a judge is sufficient to find obstruction of justice. *United States v. Verdin*, 243 F.3d 1174, 1180–81 (9th Cir.2001).

As to the enhancement for obstruction of justice issue, the district court did not err when it determined that such enhancement was appropriate based upon Fitch's statements to the other inmates and to the undercover F.B.I. agents as well as the letter Fitch submitted to the judge.

#### a. Statements to Inmates

On May 26, 2000, Fitch approached a fellow inmate (CI–1) and requested that CI–1 find someone to contact Fitch's wife and threaten her to testify on Fitch's behalf. Between April 2000 and June 2000,

Fitch approached a second inmate (CI–2) and attempted to have CI–2 contact individuals to fabricate evidence on Fitch's behalf. Between May 2000 and July 2000, Fitch approached a third inmate (CI–3) and attempted to get CI–3 to look in the classified ads in Soldier of Fortune magazines in order to hire a mercenary to break Fitch out of Jail. Finally, in August 2000, a fourth inmate (CI–4) indicated that Fitch had approached several inmates in the jail and informed them that he had a lot of money in Europe and that he would be willing to pay anyone who would help him get out of jail.

### b. Statements to Undercover Agents

On September 14 and 18, 2000, Fitch attempted to hire an undercover F.B.I. agent, who he believed to be a corrupt police officer, to assist him in breaking out of jail. Fitch caused a $2,500 cashier's check to be delivered to the undercover F.B.I. agent as a down payment for his escape.[1]

### c. Fitch's Letter

The day before his sentencing, Fitch sent a letter to the district court objecting to the Presentence Report (PSR) report. In this letter, Fitch described his PSR as being "completely inaccurate." Fitch accused the F.B.I. of obstructing justice and withholding evidence. Fitch also falsely contradicted the facts in ¶ 54 of the PSR by claiming that the firearms he possessed had been lawfully purchased at a swap meet.

Given this broad array of conduct by Fitch, the district court did not abuse its discretion in enhancing his sentence accordingly.

### 3. Acceptance of Responsibility

▮ Fitch also argues that the district court erred in not reducing his sentence for acceptance of responsibility. The burden is on the defendant to make a clear demonstration that he has accepted responsibility for his offenses. *See United States v. McKittrick,* 142 F.3d 1170, 1178 (9th Cir.1998). A guilty plea is not necessarily enough. *See United States v. Scrivener,* 189 F.3d 944, 948 (9th Cir.1999) ("Although pleading guilty and truthfully admitting the elements of the offense and other relevant conduct are significant evidence of acceptance of responsibility, this evidence may be outweighed by conduct inconsistent with such acceptance of responsibility") (quoting *United States v. Fellows,* 157 F.3d 1197, 1202 (9th Cir. 1998) (internal quotations omitted)).

Furthermore, Fitch's attempted escape was a sufficient factor for the court to consider in deciding not to reduce Fitch's sentence for acceptance of responsibility. Although Fitch argues that his escape attempts were not ongoing since they ended forty-six days before his sentencing, Fitch sent his letter to the judge just days before his sentencing. In that letter, Fitch denied that the guns he had in his possession were stolen. Given this evidence, it cannot be said that the district court clearly erred in denying Fitch's claim of acceptance of responsibility.

### 4. Multiplicity

▮ As to Fitch's claim of multiplicity, we need not decide that issue as he has waived such an argument by failing to object to the indictment prior to trial. This Court has said on several occasions that claims of multiplicity, if not raised

---

1. Fitch's argument that his conduct did not rise to the level of an attempted escape, but merely preparation, also fails. By causing the $2,500 check to be sent, Fitch took a substan-tial step toward the commission of the crime of escape sufficient to constitute an attempt. *See United States v. Mandujano,* 499 F.2d 370, 376 (9th Cir.1974).

before trial, are waived. *See United States v. Gordon,* 844 F.2d 1397, 1400 (9th Cir.1988) ("Assuming that Count I of the indictment was duplicitous, appellants waived this objection by failing to make it before trial."); *United States v. Klinger,* 128 F.3d 705, 708 (9th Cir.1997) ("claims of multiplicity are subject to Rule 12(b)(2)").

### 5. Return of Property

Finally, the district court properly denied Fitch's request for a return of property. "Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) (quoting *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991)(internal quotations omitted)). The government may meet its burden "by demonstrating a cognizable claim of ownership or right to possession adverse to that of [the defendant]." *Mills,* 991 F.2d at 612 (quoting *United States v. Palmer,* 565 F.2d 1063, 1065 (9th Cir.1977)(internal quotations omitted)). Fitch is still under investigation for murdering his first wife, Maria Bozi, in order to steal her property. In that case, it is the position of the government that Fitch stole the $7,100.00 he now claims, from Ms. Bozi after her murdered her. Also, Ms. Bozi purchased, and registered in her name, the 1994 Thunderbird automobile. Fitch admitted stealing this car as well as stealing money from Ms. Bozi's bank account. Likewise, Fitch had abandoned the mobile home in question, and it was subsequently purchased by Ms. Bozi. Finally, Fitch attempted to forge various titles to this mobile home in his alias names. Accordingly, the government has met this burden.

For the foregoing reasons, the decision of the district court is AFFIRMED.