**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco MALDONADO–QUIJADA,
Defendant–Appellant.**

No. 01–10028.
D.C. No. CR–00–01126–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 20, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

286

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM**

Francisco Maldonado–Quijada appeals the 63–month sentence imposed after his guilty-plea conviction to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326, and one count of destruction of government property, in violation of 18 U.S.C. § 1361. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

We review a district court's interpretation of the Sentencing Guidelines de novo, and a district court's factual findings in the sentencing phase for clear error. *United States v. Garcia*, 135 F.3d 667, 669 (9th Cir.1998). We review a district court's application of the Guidelines to the facts of a particular case for an abuse of discretion. *United States v. Johansson*, 249 F.3d 848, 858 (9th Cir.2001).

Maldonado–Quijada contends the district court erred by imposing a three-level official-victim upward adjustment because there was insufficient evidence of an assault or threat on a law-enforcement officer. The Guidelines define assault as a "substantial risk of serious bodily injury," U.S.S.G. § 3A1.2(b), and do not require

that such an assault actually harm an officer. *See United States v. Hernandez–Sandoval*, 211 F.3d 1115, 1118 (9th Cir. 2000) (ruling defendant assaulted law enforcement officers when his "actions plainly evinced a discrete and specific intent" to do so). Because the district court found sufficient factual basis for the adjustment in the presentence report, this argument is without merit. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000).

Alternatively, Maldonado–Quijada appeals the official-victim adjustment because his assaultive conduct did not occur during the course of the offense. However, there is no legally significant distinction between "subsequent" versus "course of" the offense, because the Guidelines only require the assaultive conduct to occur "proximate in time to the commission of the offense." U.S.S.G. § 3A1.2, cmt. n. 5; *United States v. Powell*, 6 F.3d 611, 613 (9th Cir.1993).

Finally, in appealing the upward adjustment, Maldonado–Quijada asserts his assaultive actions were justified as a form of "imperfect self-defense." The district court acted within its discretion, based upon the facts contained in the presentence report, in dismissing this claim. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001) (ruling no evidentiary hearing is required when the district court has allowed the defendant to rebut the allegations of the presentence report) (citing *Farrow v. United States*, 580 F.2d 1339, 1359–60 (9th Cir.1978) (en banc)).

Maldonado–Quijada also contends the district court erred by denying his requests for downward departure based upon diminished capacity and fast-track plea bargain. We are precluded from ad-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

dressing these issues because the district court's decision not to depart downwardly is a discretionary one and not reviewable on appeal. *United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001).

AFFIRMED in part; DISMISSED in part.