**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Jose MARTINEZ–RUIZ,**
**Defendant–Appellant.**

**No. 01–50271.**
**D.C. No. CR–00–02049–JTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Francisco Jose Martinez–Ruiz appeals the 70–month sentence imposed following his jury trial conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Martinez–Ruiz contends that the district court erred in several respects at sentencing by applying a two-level upward adjustment to his base offense level for obstruction of justice under U.S.S.G. § 3C1.1. Because he raises these contentions for the first time on appeal, we review for plain error. *See United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir. 2001).

Martinez–Ruiz firsts contends that he did not have notice of the district court's intent to apply the enhancement. However, even if there was error, we conclude that Martinez–Ruiz's sentence should not be reversed because he has failed to demonstrate that any lack of notice affected his substantial rights. *See Antonakeas* at 728 (stating that sentencing error is not "plain" where it has no affect on the actual sentence); *United States v. Dunnigan,* 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (concluding that enhancement is mandatory upon a determination of perjury).

Martinez–Ruiz next contends that the district court made insufficient findings to support its application of the enhancement. We conclude that the district court made

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

adequate findings because it found by clear and convincing evidence that Martinez–Ruiz had willfully testified falsely at trial on a material matter. *See Dunnigan* at 95 (concluding that district court's finding of obstruction of justice is sufficient if it encompasses all of the factual predicates of perjury).

Finally, Martinez–Ruiz contends that the district court erred when it found that he committed perjury. We disagree. *See United States v. Ancheta*, 38 F.3d 1114, 1117 (9th Cir.1994); *cf., United States v. Garcia*, 135 F.3d 667, 671 (9th Cir.1998) (noting that the factfinder's choice between two permissible views of the evidence cannot be clearly erroneous). Accordingly, the district court did not err in its application of the two-level enhancement for obstruction of justice.

We decline to consider Martinez–Ruiz's ineffective assistance of counsel claim because it is more appropriately raised in a habeas corpus proceeding pursuant to 28 U.S.C. § 2255. *See United States v. Reyes–Platero*, 224 F.3d 1112, 1116 (9th Cir.2000).[1]

**AFFIRMED.**

---

1. All outstanding motions are denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.