**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10252 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00012-RVM-1 |
| v. | |
| JESSE REYES BABAUTA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted June 28, 2023**
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

The district court sentenced Jesse Reyes Babauta to 168 months'
imprisonment after he pleaded guilty to one count of conspiracy to possess
methamphetamine with the intent to distribute. Two co-defendants, Noribel
Mendez and Mary Herradura, worked for Babauta by opening postal boxes,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

receiving packages of methamphetamine, delivering the packages to him, and sending money through bank transactions on his behalf. Babauta appeals the district court's application of three sentencing enhancements. We review "the district court's factual findings for clear error, its construction of the United States Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021) (citation omitted). We have jurisdiction under 18 U.S.C. § 3742(a), and we affirm.

1.      The district court did not abuse its discretion in applying a sentencing enhancement under U.S.S.G. § 2D1.1(b)(2) after finding that Babauta "made a credible threat to use violence" against Mendez. Babauta concedes that "there is ample evidence on the record that [he] made apparent threats to Ms. Mendez both via telephone and text message," but he asserts that his statements—*e.g.*, "you're going to get it," "I'm burning everything," and "I'm going to burn you alive"—were not credible threats because he "says those kinds of things to her all the time." Whether a threat is credible does not depend on whether the recipient of the threat believed it. *See United States v. Perez*, 962 F.3d 420, 451 (9th Cir. 2020) (upholding enhancement when defendant threatened to throw someone off a building without discussing whether the person believed the threat). Even if such a

requirement existed, the record establishes that Mendez believed and was fearful of Babauta's threats.

2. The district court did not abuse its discretion in applying a sentencing enhancement under U.S.S.G. § 3B1.1(c) after finding that Babauta was the "organizer, leader, manager, [or] supervisor" of the conspiracy to distribute methamphetamine. Babauta contends that because Mendez and Herradura willingly participated in the scheme to support their drug habit, he never exercised the requisite control over them. His focus on the motivations of Mendez and Herradura is misdirected. *See* U.S.S.G. § 3B1.1 cmt. n.4. Babauta recruited Mendez and Herradura, and the record establishes that he exercised significant decision-making authority, was the central figure in planning, organizing, and directing the scheme, and exercised a significant degree of control and authority over Mendez and Herradura. *See, e.g.*, *United States v. Beltran*, 165 F.3d 1266, 1271 (9th Cir. 1999), *as amended* (Mar. 26, 1999) (upholding enhancement where defendant "supervised" two other individuals and "directed them to return to [his] residence to pick up a quantity of methamphetamine that was to be delivered").

3. The district court did not abuse its discretion in applying a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(16)(A). A defendant who receives an adjustment under § 3B1.1 may have their sentence enhanced under § 2D1.1(b)(16)(A) if the following factors are found: (i) the defendant used fear or

3

affection to involve another individual in an illegal drug trafficking offense; (ii) the individual received little or no compensation for their involvement in the offense; and (iii) the individual had minimal knowledge of the scope and structure of the enterprise. The record supports the district court's findings that Babauta used fear or affection to involve Mendez in the offense and that Mendez had minimal knowledge of the scope and structure of the enterprise. Babauta contends on appeal that the district court erred by failing to consider the value of the drugs and housing Mendez received.

Section 2D1.1(b)(16)(A) does not specify whether the term "compensation" is limited to monetary payment. But an adjoining section, § 2D1.1(b)(17)(B), expressly provides that compensation must be "monetary," indicating that the exclusion of the term "monetary" from § 2D1.1(b)(16)(A) was intentional and that "compensation" under this provision may encompass other forms of valuable payment.[1] *See Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) (holding that "a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute").

To the extent this claim was adequately preserved below, Babauta has not demonstrated that the district court failed to consider other nonmonetary forms of

---

[1] U.S.S.G. § 2D1.1(b)(17) provides for a four-level sentencing reduction for a defendant who "received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances."

compensation. The district court adopted the factual findings from the presentence report, which indicate that Babauta furnished Mendez with a place to stay and methamphetamine in exchange for her help in picking up envelopes containing methamphetamine from the post office. Mendez told investigators that "she did not get paid, but felt obligated because she was homeless and had nowhere to go." Government counsel also made the district court aware of these circumstances at sentencing. Given the record, we are not persuaded that the district court clearly erred in finding that Mendez received "little or no compensation" for her participation in the offense.[2] *See United States v. Garcia* 135 F.3d 667, 671 (9th Cir. 1998) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)))*; see also United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) ("A factual finding is clearly erroneous only where it is '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts of the record.'" (citation omitted)).

**AFFIRMED.**

---

[2] Because we conclude that the district court did not err in applying the enhancement under U.S.S.G. § 2D1.1(b)(16)(A), we need not address Babauta's challenge to the alternative enhancement under U.S.S.G. § 2D1.1(b)(16)(C).

5