NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CALLEN JOSEPH BRADFORD, <br><br> Defendant - Appellant. | No. 24-3785 <br><br> D.C. No. <br> 9:23-cr-00049-DWM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 20, 2025[**]
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Appellant Callen Bradford appeals the denial of his motion to suppress drugs

seized from the vehicle he was driving after a traffic stop and ensuing search.

Confederated Salish and Kootenai Tribal Officer Casey Couture pulled Bradford

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

over in Lake County, Montana, for driving a vehicle with expired registration. While waiting for dispatch to return information on Bradford's driver's license, Officer Couture discovered that Bradford was on parole in Cascade County. Officer Couture asked Bradford if he had a travel permit from his parole officer granting permission to leave that area; Bradford said he did not. Officer Couture called Probation and Parole to ask how they wanted to proceed. Immediately after ending that call, Officer Couture asked Bradford if officers could search the vehicle, and Bradford consented. Lake County Sherriff's Detective Sciaretta, who was assisting with the stop, found a glass pipe in the center console. The officers detained Bradford, and after being Mirandized, he admitted to having one pound of methamphetamine in the vehicle, which officers seized.

On appeal, Bradford argues that his roadside detention exceeded constitutional parameters in duration and scope, and that his consent to search the vehicle was not valid because it was coerced by officers' insinuation that a parole search was inevitable. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's denial of the motion to suppress.

1. The district court correctly held that officers lawfully extended the traffic stop when they discovered, during the regular "mission" of the stop, that Bradford was on parole in Cascade County. *Rodriguez v. United States*, 575 U.S. 348, 354–56 (2015). The district court correctly concluded that Officer Couture's

search of Montana's correctional offender database did not unlawfully prolong the stop because it occurred while Couture was completing the ordinary tasks of the traffic stop—waiting on a return of driver and vehicle information from dispatch. *United States v. Ramirez*, 98 F.4th 1141, 1144–45 (9th Cir. 2024), *cert. denied,* No. 24-6080, 2025 WL 76687 (U.S. Jan. 13, 2025) (citing *Rodriguez*, 575 U.S. at 356). The district court also correctly determined that the officers' discovery that Bradford was on parole and traveling outside of Cascade County without a travel permit gave them independent reasonable suspicion to suspect parole violations and to extend the stop by contacting a parole officer. *See United States v. Landeros*, 913 F.3d 862, 867 (9th Cir. 2019).

2. The district court did not clearly err in finding Bradford's consent voluntary. *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004). Bradford was not in custody when he gave consent to search the vehicle, so *Miranda* warnings were not required. *United States v. Taylor*, 60 F.4th 1233, 1243 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 828 (2024) (quoting *United States v. Basher*, 629 F.3d 1161, 1167–68 (9th Cir. 2011)). The tone of the stop was calm, casual, and "could even be described as friendly." *Id.* Officers never drew their weapons or engaged in any intimidating behavior. *See id.* Those facts suggest Bradford's consent was voluntary. *Id.*; *see also Basher*, 629 F.3d at 1168.

The district court correctly concluded that, when considering the totality of

the circumstances, the sequence of events was not sufficiently coercive to vitiate Bradford's consent. Nearly six minutes before obtaining Bradford's consent, Detective Sciaretta had mentioned the officers *could* obtain the probation officer's permission to search—not that they had obtained permission already. *Contra Bumper v. North Carolina*, 391 U.S. 543, 549–50 (1968) (officers announced they had a search warrant, then homeowner gave consent). He was not told the probation officer had authorized a search until after narcotics paraphernalia had been found during the consent search.

Based on these facts, we cannot say the district court clearly erred by finding that Bradford's consent to search the vehicle was voluntary.[1] *See Patayan Soriano*, 361 F.3d at 503 (citing *United States v. Garcia*, 135 F.3d 667, 671 (9th Cir. 1998) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.")).

AFFIRMED.

---

[1] The district court also found that Bradford's Mirandized admission to Detective Sciaretta that he had a pound of methamphetamine in the vehicle was made voluntarily. Because Bradford does not challenge the voluntariness or admissibility of that admission on appeal, we do not address it.