[Cite as *U.S. Bank, N.A. v. Kapitula*, 2013-Ohio-2638.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| U.S. BANK, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-08-058 |
| - vs - | : | O P I N I O N<br>6/24/2013 |
| | : | |
| SERGEY A. KAPITULA, et al., | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2009-CVE-1101

Lynn A. Busch-Heyman, Edward H. Cahill, P.O. Box 165028, Columbus, Ohio 43216-5028, for plaintiff-appellee

Scott A. Hoberg, 450 Woodwick Court, Cincinnati, Ohio 45255, for defendants-appellants

Jonathan T. Dever, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for defendants-appellants

D. Vincent Faris, Clermont County Prosecuting Attorney, James G. Nichols, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for defendant, Clermont County Treasurer

**HENDRICKSON, P.J.**

{¶ 1} Defendants-appellants, Sergey A. Kapitula and Svetlana V. Kapitula, appeal from a judgment of the Clermont County Common Pleas Court denying their Civ.R. 60(B) motion for relief from a 2009 judgment awarded in favor of plaintiff-appellee, U.S. Bank, on

its foreclosure action against the Kapitulas. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} In 2009, U.S. Bank filed a foreclosure action against Sergey Kapitula and his wife, Sveltlana Kapitula, after they defaulted on their mortgage loan payment. U.S. Bank was awarded default judgment after the Kapitulas failed to answer its complaint. The Kapitulas did not file a direct appeal of the default judgment.

{¶ 3} In 2012, the Kapitulas filed a motion to vacate the 2009 default judgment on several grounds, including that (1) U.S. Bank lacked standing to bring the action; (2) U.S. Bank procured the default judgment "through a fraud upon the court," and therefore the Kapitulas were entitled to have the default judgment vacated under Civ.R. 60(B)(5); and (3) the default judgment is void due to a lack of jurisdiction. The trial court denied the motion.

{¶ 4} The Kapitulas now appeal and assign the following as error:

{¶ 5} "IN A FORECLOSURE CASE, THE TRIAL COURT ERRED IN DENYING BOTH DEFENDANT-APPELLANT'S [sic] MOTION TO VACATE AND HIS [sic] MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B) WHEN APPELLEE DID NOT HAVE STANDING TO BRING THE CAUSE OF ACTION."

{¶ 6} The Kapitulas argue the trial court erred in overruling their motion to vacate the default judgment due to the trial court's lack of subject matter jurisdiction to issue the judgment. They assert that, under *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, U.S. Bank lacked standing to bring a foreclosure action against them because it did not have the ability to enforce the note and mortgage at the time it filed its 2009 foreclosure action, and the trial court therefore lacked jurisdiction to issue a default judgment in favor of U.S. Bank. However, the Kapitulas failed to present any evidence in support of their motion to dismiss for lack of standing and thus for lack of jurisdiction, other than Sergey Kapitula's affidavit. In particular, the Kapitulas failed to present any evidence

showing that U.S. Bank lacked standing to bring its foreclosure action against them; consequently, the trial court was not in a position to rule on the Kapitulas' claim that U.S. Bank lacked standing under *Schwartzwald*.

{¶ 7} The Kapitulas also argue the trial court erred in overruling their Civ.R. 60(B) motion for relief from the 2009 default judgment granted in favor of U.S. Bank. The Kapitulas assert that they are entitled to relief under Civ.R. 60(B)(5) on the ground that the conduct of U.S. Bank constituted a "fraud upon the court." We disagree with this argument.

{¶ 8} An appellate court reviews a trial court's decision on a Civ. R. 60(B) motion using the abuse-of-discretion standard. *LNV Corp. v. Edgar*, 12th Dist. No. CA2011-10-190, 2012-Ohio-1899, ¶ 16. A trial court's decision will not be deemed to be an abuse of discretion unless the decision is unreasonable, arbitrary or unconscionable. *Id.*

{¶ 9} In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976), the Supreme Court held that, in order to prevail on a Civ.R. 60(B) motion, the moving party must show that it (1) has a meritorious defense or claim to present if relief is granted; (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) made the motion within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. A party's failure to establish anyone of the three requirements of the *GTE* test will result in the denial of a Civ.R. 60(B) motion. *Id.*

{¶ 10} In this case, the Kapitulas failed to meet the second prong of the *GTE* test, i.e., that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The Kapitulas tried to show that they were entitled to relief under the so-called "catch-all" provision in Civ.R. 60(B)(5), i.e., "for any other reason."

{¶ 11} In *Coulson v. Coulson*, 5 Ohio St.3d 12, 15 (1983), the court found that a showing that a "fraud had been perpetrated on the court" could establish a claim for relief

under Civ.R. 60(B)(5). The term "fraud upon the court" is generally defined as fraud that "'does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" *Id.*, quoting 7 Moore's Federal Practice (2 Ed.1971) 515, Paragraph 60.33.

{¶ 12} The Kapitulas contend that U.S. Bank perpetrated a "fraud upon the court" by representing itself in its 2009 foreclosure complaint as the owner of their note and mortgage when, in fact, the note and mortgage were actually owned by Freedom Home Mortgage Corporation. The Kapitulas assert that by perpetrating this alleged fraud on the court, U.S. Bank was able to bring its successful foreclosure action against them. However, we conclude that U.S. Bank's actions could not have been reasonably viewed as perpetrating a fraud on the court.

{¶ 13} The Kapitulas' argument that U.S. Bank's conduct in this action constitutes perpetrating a fraud on the court ignores that, in *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998), a plurality of the Ohio Supreme Court had found that such conduct by a lender *was* appropriate and that the lender was entitled to relief. While the approach taken by the plurality in *Suster* was ultimately rejected by the Ohio Supreme Court in *Schwartzwald*, it does not follow that U.S. Bank's conduct in this case rose to the level of "perpetrating a fraud upon the court," since the bank's conduct was legitimate under *Suster*, which had not been overruled at the time of the conduct. Since the Kapitulas failed to establish the second prong of the *GTE* test, the trial court did not abuse its discretion in overruling their Civ.R. 60(B) motion for relief from judgment.

{¶ 14} In light of the foregoing, the Kapitulas' sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.